Argued January 18, affirmed February 20, 1979

# STATE OF OREGON, *Respondent,*
## *v.*
# BRUCE ALLEN IVIE, *Appellant.*
## (No. 78-2712, CA 11922)

590 P2d 741

David E. Groom, Attorney, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

This is a criminal case in which defendant seeks a remand for resentencing for his conviction of second degree burglary. The trial court sentenced him to five years' imprisonment and, pursuant to ORS 137.106, ordered him to pay $338 as restitution to the victim of the burglary. The principal issue on appeal concerns the amount of restitution.

At the sentencing hearing, defendant's attorney contended that the amount of restitution was excessive. He stated:

> "Well, probably the total restitution that would be the appropriate order would be somewhere in the area of $200. And I have no way of really disputing factually what is contained on this schedule, although I would note that five record albums don't cost $75. I think that we can all just take notice that records don't cost that much and a jar of pennies worth $15 would be one thousand five hundred pennies[1] and probably I'm just saying these would be indicative of the victim trying to inflate a bit what the damages actually were. So I don't know how we're going to determine what the proper restitution actually is. But I suggest that it is not $370 as mentioned in the presentence report.
>
> "The defense would assert that probably $200 is more accurate a reflection of what is owed."

The prosecutor acknowledged that the valuation was taken from the police report, which in turn was based on information obtained from the victim. The court stated in pronouncing sentence:

> "It will be the further order of the Court that you pay the sums requested of $338.00. You are in no situation, if you steal things, to complain of the value that somebody may set on their property. It may be inflated to some degree. I don't know. This is simply a matter that the Court is going to order what has been requested and, in effect, going to put the burden on you as far as any different sum is concerned."

---

[1] Actually, we would not take notice that the price of record albums is less than that, although we would agree regarding the pennies.

[ 455 ]

Defendant did not request a hearing on the amount of the victim's loss.

ORS 137.106(3) provides that a defendant shall have an opportunity to be heard on the amount of restitution he is ordered to pay:

"If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issues."

In *State v. Stalheim*, 275 Or 683, 687-88, 552 P2d 829 (1976), the Supreme Court interpreted an analogous statute providing for payment of restitution as a condition of probation, former ORS 137.540(10).[2] The court adopted a narrow construction of the terms "restitution" and "reparation" and held that the statute authorized ordering restitution only to the direct victim of a crime. The court went on to say in dicta:

"Though our limited construction of the statute should simplify the task of determining the proper amount of restitution in a particular case, if there remains some question as to the amount of the victim's loss, the defendant is entitled to a hearing on that issue." (Footnote omitted.) 275 Or at 688.

ORS 137.106(3) and *State v. Stalheim* clearly grant defendant the right to a hearing to contest the amount of restitution. In this case, defendant did not request such a hearing and offered no evidence to contradict the victim's estimate of the value of the missing property. Because defendant did not offer contrary evidence or request the hearing to which he was

---

[2]Former ORS 137.540(10) provided:

"The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:

"* * * * *

"(10) Make reparation or restitution to the aggrieved party for the damage or loss caused by offense, in an amount to be determined by the court."

As amended in 1977, the analogous portion of ORS 137.540 provides that the conditions of probation may include a requirement that the probationer "make restitution to the victim as provided in ORS 137.106." It is obvious that *Stalheim* applies to ORS 137.106 as well as ORS 137.540.

entitled, the trial court did not err in ordering an amount of restitution based upon information from the victim.

Defendant's other assignment of error does not require discussion.

Affirmed.