Argued and submitted November 29, 2007, remanded for resentencing, otherwise affirmed June 18, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLE ROBERT ZARAGOZA,
*Defendant-Appellant.*

Washington County Circuit Court
C042183CR; A128031

188 P3d 308

Rebecca Duncan, Chief Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Brendan C. Dunn, Assistant Attorney General.

Before Landau, Presiding Judge, and Wollheim, Judge, and Schuman, Judge.

WOLLHEIM, J.

### WOLLHEIM, J.

After a bench trial, defendant was convicted of one count of unauthorized use of a vehicle and one count of driving under the influence of intoxicants. Defendant was sentenced immediately after trial. The court imposed a presumptive sentence of 18 months' probation, subject to general and special conditions, including payment of restitution to the victim. Defendant appeals, contending that the trial court erred in failing to allow him to be heard on his objections to restitution. We agree that the trial court erred and reverse and remand for resentencing.

■ The evidence at trial was that defendant totaled the victim's car during his unauthorized use of the vehicle. At sentencing, as evidence of the victim's loss, the state presented a piece of paper listing the victim's name and address next to a dollar amount, and the automobile insurer's name and address next to a dollar amount, for a total of $6,260.92. The trial court and defense counsel engaged in this colloquy:

> "[THE COURT]: I am going to enter a judgment for $6,260.92 on the restitution and a condition of probation that you pay as much restitution—as much of the judgment as, in your probation officer's opinion, is possible, reasonably possible.
>
> "Don't hold your breath. You can understand, the likelihood that he's gonna come up with that kind of money in the next three years is not very high, so if he wins the lottery, you get it, but, you know.
>
> "[DEFENSE COUNSEL]: Judge, I would object to that—
>
> "[THE COURT]: You can.
>
> "[DEFENSE COUNSEL]: —and ask for a hearing.
>
> "[THE COURT]: No. He is gonna—he is going—it's a judgment and he—over [t]his period of time he can pay it, he might be able to pay it in the next three years if he actually gets a job. * * *
>
> "[DEFENDANT]: Can you repeat how much that was, Your Honor?
>
> "[THE COURT]: Say again.

"[DEFENDANT]:   Can you repeat how much that was?

"[THE COURT]:   You'll get a piece of paper, but it's—all together, between what the legislature requires and this judgment, you're looking at about eight thousand dollars."

Defendant assigns error to the trial court's failure to conduct a hearing on restitution. The trial court has authority to impose restitution when a defendant "is convicted of a crime * * * that has resulted in pecuniary damages." ORS 137.106(1) (2003), *amended by* Or Laws 2005, ch 564, § 2. The state is required to present evidence regarding the "nature and amount" of the pecuniary damages suffered by the victim. ORS 137.106(1). If the defendant objects to the imposition, amount, or distribution of restitution, ORS 137.106(5) provides that

"the court *shall* allow the defendant to be heard on such issue at the time of sentencing or at the time the court determines the amount of restitution."

(Emphasis added.) Defendant asserts that the trial court denied him the right to be heard on the amount of restitution, as required by that statute. The state concedes that defendant had a right "to be heard." As the state interprets the transcript, however, the trial court did not foreclose defendant's objection to restitution or right to be heard, but only denied defendant a *separate* hearing on restitution at a later date, which the state contends the court was not required to give. The state argues that, at the time of sentencing, defendant could have presented argument and evidence regarding restitution, but apparently chose not to.

The state's argument depends in part on the correctness of its reading of the transcript. Did defendant request a separate hearing on a separate date, as the state contends, or did he simply request to be heard, as permitted by ORS 137.106(5)? We conclude that the state's interpretation of defense counsel's request as seeking a hearing on a different date reads too much into the transcript. Defense counsel asked "for a hearing"; however, she did not ask for a *separate* hearing or ask that the matter be reset. As reasonably understood, defense counsel was simply asking to be heard.

■     However, in order to resolve this case, we do not need to decide what type of hearing defendant requested or whether the trial court intended to deny only a separate hearing on a different date. Defendant unambiguously objected to the imposition of restitution, and, in that circumstance, ORS 137.106(5) requires that the court provide an opportunity for defendant to be heard. (We have, in fact, said that the statute entitles the defendant *to a hearing*. *See State v. Hval*, 174 Or App 164, 174, 25 P3d 958, *rev den*, 332 Or 559 (2001) (1977 amendments to restitution statutes "ensured a hearing on the amount of restitution").) The trial court rejected defendant's objection, immediately indicating that it had made up its mind and that restitution would be imposed. Because the court ruled without providing an opportunity for defendant to be heard, it erred.

The state contends that defense counsel should have voiced a more specific objection to the trial court's ruling or clarified that she was not asking for a separate hearing on a different date. Given the trial court's unequivocal statement that restitution would be imposed, we conclude that defense counsel reasonably understood that the trial court had made its decision and that the topic was not open to further discussion.

Remanded for resentencing; otherwise affirmed.