Submitted November 29, 2007, remanded for resentencing; otherwise affirmed
June 18, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CLARENCE PHILLIP ROMERO, JR.,
aka Clarence Phillip Romero,
*Defendant-Appellant.*

Multnomah County Circuit Court
050532958; A130514

188 P3d 310

Peter Gartlan, Chief Defender, and Susan F. Drake, Senior Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Wollheim, Judge, and Schuman, Judge.*

WOLLHEIM, J.

---

* Wollheim, J., *vice* Riggs, S. J.

## WOLLHEIM, J.

Pursuant to a plea agreement, defendant pleaded guilty to and was convicted of one count of identity theft, ORS 165.800, a Class C felony. The trial court imposed a presumptive sentence of 13 months' incarceration and one year of post-prison supervision. The trial court subsequently amended the judgment to include restitution in the amount of $10,447. Defendant appeals, contending that the trial court erred in imposing that amount of restitution without holding a hearing after it had received defendant's letter objecting to the imposition of restitution in excess of $505. We agree that the trial court erred and remand for resentencing.

Defendant was indicted for five offenses, including one count of forgery, one count of possession of a forged instrument, two counts of identity theft, and one count of theft. On July 29, 2005, in exchange for dismissal of four of the counts, defendant agreed to enter a plea of guilty on a single count of identity theft, and to stipulate to the payment of restitution, in an amount undetermined. At a sentencing hearing on August 16, 2005, the prosecutor stated that, although defendant had pleaded guilty to one count, he stipulated to restitution "for the theft of materials from [the victim's] home * * * as well as all the activity that occurred in Multnomah County as a result by the offending theft, forgery and fraud by this defendant." Defendant did not object. The trial court gave the parties 30 days to determine the amount of restitution.

On August 24, 2005, the court entered a judgment convicting defendant of one count of identity theft, dismissing the four other counts, and providing that restitution will be ordered "when the amount is determined." Two days later, on application of the prosecutor, the trial court entered a stipulated order setting restitution at $10,447, reciting that "respective counsel ha[ve] stipulated to the restitution requested in this case."

In a letter to the prosecutor on September 7, 2005, with a copy to the court, defendant's attorney objected to restitution. Defense counsel wrote:

"The restitution request includes a variety of items and fees that are in no way associated with my client. My client never stole [the victim's] rings, necklaces or any other type of jewelry. There are a few items that my client will pay for although these were items given to him while [the victim] and [defendant] were dating. One of those items is the jacket referred to in the restitution paperwork. The other items were the paperwork referred to in the restitution log. The total amount will then be $505.00.

"As for the amounts owed to Washington Mutual, [defendant] is adamant that he ha[d] no participation in those activities."

Thus, by letter, defendant agreed to stipulate to restitution of $505.

The prosecutor responded by letter that, in his plea agreement, defendant had agreed to pay restitution "arising from all theft and identity theft from [the victim]." The prosecutor noted that, at the time of sentencing, defendant had received notice of the restitution that the state would seek and had not objected. The trial court did not hold a hearing and entered an amended judgment imposing restitution of $10,447.

On appeal, defendant contends that, because he objected to the amount of restitution, the court was required to hold a hearing pursuant to ORS 137.106(5). That subsection provides:

"If the defendant objects to the imposition, amount or distribution of the restitution, the court shall allow the defendant to be heard on such issue at the time of sentencing or at the time the court determines the amount of restitution."

Defendant contends that defense counsel's letter to the prosecutor, with a copy to the court, was sufficient to raise an objection to the amount of restitution, and that the court erred in not holding a hearing.

The state responds that defense counsel's letter was inadequate. In the state's view, the letter did not state an objection to the *amount* of restitution, but to the payment of *any* restitution on the four dismissed counts. In the state's

view, defendant waived that objection when he agreed to pay restitution in his plea agreement and did not object to the state's description of restitution at the time of sentencing. Further, the state contends, defendant's objection was inadequate because it did not explicitly request a hearing or offer contrary evidence as to the proper amount of restitution.

We first address the state's contention that defendant's objection was inadequate because it only challenged the imposition of *any* amount of restitution on the dismissed charges, an objection that the state contends defendant waived in his plea agreement. It is true that a defendant can waive the right to object to restitution by so stating in the plea agreement. *State v. Miller*, 116 Or App 432, 435, 841 P2d 678 (1992), *rev den*, 315 Or 443 (1993). In the plea agreement, defendant stated that he agreed to pay restitution; however, the agreement did not state an amount of restitution or that defendant agreed to pay restitution on the dismissed charges. Contrary to the state's position, we conclude that defendant's letter adequately stated an objection to the "imposition, amount or distribution" of restitution. ORS 137.106(5). It is possible, as the state contends, that the trial court could reasonably have interpreted defense counsel's letter as an objection to the imposition of any restitution on the dismissed counts and not an objection to the amount of restitution. It is also possible that the record could reflect that defendant waived such an objection. Those are factual disputes to be resolved by the sentencing court; however, they do not invalidate the objection.

We next consider the state's argument that defendant's objection did not entitle him to a hearing because he failed to expressly request one. We recognize that an opinion of this court, *State v. Ivie*, 38 Or App 453, 590 P2d 741 (1979), suggests that outcome. At the time *Ivie* was decided, ORS 137.106(3) provided:

> "If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow him to be heard on such issues."

Thus, under the former version of the statute, any objections to restitution were to be heard at the time of sentencing. In *Ivie*, the defendant's counsel raised an objection to the

amount of restitution at the time of sentencing, offered argument, but did not offer evidence of a different amount or expressly request a hearing. *Cf. State v. Zaragoza*, 220 Or App 526, 188 P3d 308 (2008) (at the time of sentencing, defense counsel requested to be heard on restitution). On appeal, we upheld the trial court's order of restitution, "[b]ecause defendant did not offer contrary evidence or request the hearing to which he was entitled." *Ivie*, 38 Or App at 456.

As noted, ORS 137.106(5) now provides that, if objections are made to restitution, the court "shall allow the defendant to be heard on such issue at the time of sentencing or *at the time the court determines the amount of restitution.*" (Emphasis added.) In this case, the court had not established the amount of restitution at the time of sentencing, but did so in a stipulated order of August 26. That order recites that it was entered on the application of the district attorney and that no parties had appeared. Defendant sent his objection to the ordered restitution on September 7, 2005.

■ As we note in *Zaragoza*, when a defendant objects to restitution, the court is required to hold a hearing. *Zaragoza*, 220 Or App at 530 (citing *State v. Hval*, 174 Or App 164, 174, 25 P3d 958, *rev den*, 332 Or 559 (2001)). When, as here, the amount of restitution is yet to be determined at the time of sentencing, any objections by the defendant necessarily may be raised and heard only after sentencing, at the time the court determines restitution. Here, after the court's stipulated order of restitution, it became apparent to the trial court that there were factual disputes as to the amount of restitution.[1] At that point, under ORS 137.106(5), it was incumbent on the trial court to conduct a hearing and afford defendant the opportunity to present evidence as to the correct amount of restitution. We therefore vacate the imposition of restitution and remand for resentencing.

Remanded for resentencing; otherwise affirmed.

---

[1] The record does not include the district attorney's application for an order of restitution; on this record, it would appear that defendant first learned of the amount of restitution to be imposed when he received the court's August 26 stipulated order setting restitution.