Argued and submitted March 6, affirmed September 30, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ERIC MITCHELL NOBLE,
*Defendant-Appellant.*

Multnomah County Circuit Court
060633406; A134521

217 P3d 1130

Robert M. Stone argued the cause and filed the briefs for appellant.

Simon C. Whang, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals a judgment of conviction on two counts of first-degree theft. ORS 164.055. Defendant argues that the trial court improperly denied his request for a hearing to contest the amount of restitution ordered in that judgment. ORS 137.106(1), (5). We affirm.[1]

The relevant facts are undisputed. The evidence at trial established that defendant had, on two separate occasions, stolen two rows of metal stadium seating from Portland Meadows Racetrack. A security officer from Portland Meadows Racetrack testified at trial that each row of seating was valued at $1,500. The jury found defendant guilty on two counts of first-degree theft, and specially found that "the value of the property stolen was $1,000 or more" on each count.[2]

Six days later, the trial court conducted a sentencing hearing. At that hearing, the state requested that restitution be imposed on defendant in the amount of $3,000, because "[t]he testimony of [the security officer] was that [the rows of seating] were worth at least $1,500 apiece and that two of them were not recovered from the original theft." Defendant objected:

"I'll move on to the restitution issue, and then I'd be glad to answer any questions the Court has for me. We will stipulate that [defendant], as a result of this conviction, is going to have to pay some restitution, but I think that it would be more proper to do as the statute allows and have the—I've never seen a restitution request from the victims in this case, I've seen no supporting documentation, other than a catalogue showing snapshots of similar seating, and I would like to see a standard restitution request, leave the matter of restitution open for thirty days, allow the state to produce a restitution request signed by the victim, and for me to see the supporting documentation that's offered because I disagree with the value of these seats, and I don't

---

[1] Defendant raised three other assignments of error. We affirm on those assignments of error without discussion.

[2] The state indicted defendant on three counts. The remaining count was theft by selling the property. ORS 164.055(1)(c). The jury acquitted defendant on that count.

think that the testimony at trial was sufficient to affix a $3,000 value on the seats."

The state replied that the jury found that the value of the stolen seats was worth over $1,000 and that defendant did not produce any evidence "that cast aspersions [on the security officer's] testimony, either at the time of trial or at the time of the sentencing" regarding the value of the stolen stadium seats. The state reasoned that, because defendant did not create an evidentiary question concerning the value of the seats, the trial court could order restitution based on the trial testimony.

The trial court concluded that restitution in the amount of $3,000 on the two counts of conviction was established by the testimony of the security officer at trial. Defendant then asked the trial court if defendant could arrange a payment schedule with his probation officer on the restitution award, and the trial court answered, "Yes." Before concluding the hearing, the trial court asked defendant, "Anything further?" Defendant replied, "Nothing from the defense." This appeal followed.

■ On appeal, defendant argues that the state's request for restitution, based solely on the security officer's testimony at trial, did not satisfy the statutory requirements provided at ORS 137.106(1), which provides, in part:

"When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. * * *"

At oral argument, defendant further argued that the sentencing hearing did not satisfy the statutory requirements of ORS 137.106(5); defendant construes that statute to "require[ ] that defendant be allowed to at least be heard either at the time of sentencing or at the time that the court decides restitution." ORS 137.106(5) provides:

"If the defendant objects to the imposition, amount or distribution of the restitution, the court shall allow the defendant to be heard on such issue at the time of sentencing or at the time the court determines the amount of restitution."

The state counters that the prosecution presented evidence in support of the restitution award at trial and that defendant had an opportunity to be heard at that time. Accordingly, the state argues that the trial court did not err in ordering restitution. We agree with the state that the trial court did not err, although for substantially different reasons.

■      We review sentencing decisions, including restitution orders, for errors of law. *State v. Ferrara*, 218 Or App 57, 67-68, 178 P3d 250, *rev den*, 344 Or 539 (2008). We begin with whether the state's request for restitution, based solely on the evidence presented at trial, satisfies the requirements of ORS 137.106(1), which requires the state to "investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages." Here, the state presented that evidence during the guilt phase of the trial. Defendant does not argue that the trial court could not consider that evidence for purposes of restitution. Defendant argues only that the testimony at trial is insufficient, under ORS 137.106(1), to establish that the state conducted an "investigation" and presented "evidence" of the nature and amount of the damages.

However, the plain text of ORS 137.106(1) does not impose an obligation on the state to prove that it conducted a *separate* investigation of the nature and amount of damages apart from the investigation of the crime itself *after* defendant was convicted. In addition, the statutory text does not specify that the evidence from that investigation be presented in any particular form. The statutory text requires only that the state must conduct an investigation and present evidence from that investigation "prior to the time of sentencing." The state fulfilled its obligations under ORS 137.106(1).

■      We next turn to whether the trial court improperly denied defendant the opportunity to be heard at the time of sentencing as required by ORS 137.106(5). We have interpreted ORS 137.106(5) to entitle a defendant to a hearing. *State v. Zaragoza*, 220 Or App 526, 530, 188 P3d 308 (2008) (citing *State v. Hval*, 174 Or App 164, 174, 25 P3d 958, *rev*

*den*, 332 Or 559 (2001)). In *Zaragoza*, the state requested restitution by offering the trial court a slip of paper that contained an amount of the victim's economic damages. The trial court then stated that it was going to enter a judgment including restitution in that amount. The defense counsel and the court engaged in the following colloquy:

"[DEFENSE COUNSEL]: Judge, I would object to that—

"[THE COURT]: You can.

"[DEFENSE COUNSEL]: —and ask for a hearing.

"[THE COURT]: No. He is gonna—he is going—it's a judgment and he—over [t]his period of time he can pay it, he might be able to pay it in the next three years if he actually gets a job. * * *

"[DEFENDANT]: Can you repeat how much that was, Your Honor?

"[THE COURT]: Say again.

"[DEFENDANT]: Can you repeat how much that was?

"[THE COURT]: You'll get a piece of paper, but it's— all together, between what the legislature requires and this judgment, you're looking at about eight thousand dollars."

220 Or App at 528-29 (alterations and omission in original). Under those circumstances, we concluded that, when the trial court overruled the defendant's objection, the court "immediately indicat[ed] that it had made up its mind and that restitution would be imposed * * * without providing an opportunity for [the] defendant to be heard." *Id*. at 530. Based on that record, we held that, because the defendant was denied the opportunity to be heard, the sentencing hearing did not satisfy the requirements of ORS 137.106(5). *Id*.

■ The facts of this case are substantially different than those in *Zaragoza*. Here, when defendant objected to the imposition of restitution, defendant was allowed to present an argument during the sentencing hearing as to why the security officer's trial testimony was insufficient to prove the amount of restitution damages. The court allowed defendant to further argue that the state should have been compelled to produce additional documentation. The court also allowed—

and responded affirmatively to—defendant's request to allow a payment schedule to fulfill defendant's restitution obligations, and, before concluding the hearing, the court asked defendant if he had any further arguments and defendant replied that he had nothing further for the sentencing court.

In addition, and in contrast to the defendant's unequivocal request for a hearing in *Zaragoza*, defendant in this case only requested that the matter of restitution be left open for 30 days to allow the state to produce an additional document and for defendant "to see the supporting documentation that's offered." On appeal, defendant does not argue that the trial court erred in denying any request for a separate hearing on restitution to be held at a different time. Instead, defendant's argument on appeal is that "the statute requires that defendant be allowed to at least be heard either at the time of sentencing or at the time that the court decides restitution." Because defendant does not argue that the trial court should have granted an additional separate hearing or postpone sentencing, we do not consider either issue. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief[.]").

We return to the statutory text of ORS 137.106(5). That text plainly provides that, where a defendant objects to restitution, "the court shall allow the defendant to be heard on such issue at the time of sentencing * * *." Here, the trial court heard defendant's legal argument at sentencing. In addition, to the extent that defendant argues on appeal that the trial court also denied defendant an opportunity to present evidence at sentencing, defendant is incorrect. The sentencing hearing in this case was scheduled based on defendant's request and provided defendant with nearly one week to prepare for the sentencing hearing. Evidence at trial placed defendant on notice that restitution in the amount of $3,000 would be considered at the sentencing hearing. However, defendant simply did not offer any evidence at the sentencing hearing. Accordingly, the trial court did not rule on whether defendant was entitled to present that evidence. Consequently, we conclude that the trial court did not deny defendant an opportunity either to be heard on his objections

to the restitution or to present evidence in support of those objections. Thus, the trial court did not err.[3]

Affirmed.

---

[3] That is not to say that the state's method of presenting evidence regarding restitution was the preferred method or best practice of establishing the amount of restitution. Rather, as stated above, the trial court did not err in setting the amount of restitution at $3,000.