Submitted June 27, 2012, affirmed May 30, 2013

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RAMON EDWARD CORONADO,
aka Ramon Edward Coronado, Jr.,
*Defendant-Appellant.*

Umatilla County Circuit Court
CFH080281; A145183

302 P3d 477

Peter Gartlan, Chief Defender, and Mary M. Reese, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Ramon Coronado filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant, who was convicted of various counts of assault, argues on appeal that the trial court erred when it recommended that defendant pay restitution in an amount to be determined by the Board of Parole and Post-Prison Supervision (BOPPS). Defendant concedes that, because he did not object to the trial court's order, he did not preserve the assignment of error. Defendant argues, however, that this court should exercise its discretion to review the error as plain under ORAP 5.45(1). The state contends that the court should not address defendant's unpreserved argument because defendant waived his right to contest the restitution order and his claim does not warrant discretionary review. Although we agree with defendant that the court plainly erred when it recommended that defendant pay restitution in an amount to be determined by BOPPS, we decline to exercise our discretion to correct that error.[1] Accordingly, we affirm.

The relevant facts are few and undisputed. Following a trial, the jury found defendant guilty of two counts of second-degree assault, ORS 163.175, and one count of third-degree assault, ORS 163.165. At the first sentencing hearing on January 25, 2010, the state asked the court to impose restitution of $5,931.79 to the victim and $38,676.90 to the victim's insurance company. Defendant's counsel stated, "No objection." The court imposed the sentence on Count 2 on February 12, 2010, at the second sentencing hearing. The court stated, "I'm going to recommend * * * that [defendant] make restitution to the victim in this case in an amount to be determined by the Board of Post-Prison Supervision." Defendant did not object. The judgment reflected the court's recommendation.

It is only in rare and exceptional cases that we will take notice of an alleged error when the parties did not seek a ruling from the trial judge. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). In deciding whether to review alleged plain error, we follow a two-step process. First, we may consider an unpreserved error if the error is (1) of law,

---

[1] We reject defendant's *pro se* assignment of error without discussion.

(2) apparent, or not reasonably in dispute, and (3) appears on the face of the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Second, after making those determinations, the question remains whether we should exercise our discretion to review the error. *See State v. Harrington*, 229 Or App 473, 477-78, 211 P3d 972, *rev den*, 347 Or 365 (2009) (exercising discretion to review the error because the record contained no evidence to support the imposition of restitution in the amount that the state requested).

Here, the error is one of law. *See State v. Noble*, 231 Or App 185, 189, 217 P3d 1130 (2009) ("We review sentencing decisions, including restitution orders, for errors of law."). In addition, the error is apparent and not reasonably in dispute. ORS 137.106 provides the authority for the court to impose an order of restitution.[2] Under ORS 137.106(1)(b), the court must enter the judgment requiring restitution within 90 days of entry of the judgment of conviction, but may extend that time for "good cause." Defendant correctly points out—and the state concedes—that no statute authorizes the court to recommend that BOPPS determine the amount of restitution.[3] And, as part of the judgment, the error appears on the face of the record.

Thus, we turn to the second step in deciding whether to consider the error: determining whether to exercise our discretion. The factors a court may consider in making that determination include

---

[2] ORS 137.106(1)(a) provides:

"(1) When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

"(a) A requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."

[3] The parties note that, under ORS 137.106(4)(a) "the court may establish or allow an appropriate supervising authority to establish a payment schedule * * *." However, the parties agree that, while that subsection allows a supervisory authority to establish a payment schedule, only the court has the authority to impose a sentence of restitution.

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). In *State v. Sosa*, 224 Or App 658, 663-64, 199 P3d 346 (2008), we noted that, in cases involving sentencing issues, we also consider "whether a defendant encouraged the trial court's imposition of the erroneous sentences, the possibility that the defendant made a strategic choice not to object to the sentences, the role of other sentences in the case, and the interests of the judicial system in avoiding unnecessary and repetitive sentencing proceedings."

Here, there was a way for defendant to bring the error to the attention of the court. Under ORS 137.106(5), "[i]f the defendant objects to the imposition, amount or distribution of the restitution, the court shall allow the defendant to be heard on such issue at the time of sentencing or at the time the court determines the amount of restitution." *See also State v. Zaragoza*, 220 Or App 526, 530, 188 P3d 308 (2008) (ORS 137.106(5) entitles the defendant to a hearing if the defendant objects to the imposition of restitution). This would have been an easy error for the court to fix: If defendant had brought it to the court's attention, the court could have imposed the restitution instead of recommending BOPPS do so. Now, defendant asks this court not to remand to correct the error, but to strike the portion of the judgment relating to restitution. That could result in a windfall for defendant. *See State v. Gibson*, 183 Or App 25, 33 n 2, 51 P3d 619 (2002) ("We would decline to exercise that discretion if doing so would leave defendant in a better position than a defendant who had, in comparable circumstances, timely informed the trial court of the error so that it could be corrected at the original sentencing hearing. Defendant is entitled to the bargain he made, not a windfall."). Accordingly, we decline to exercise our discretion to correct the error.

Affirmed.