EGAN, C. J.
*2 This is a criminal appeal in which defendant challenges the trial court's restitution award after he pleaded guilty to fourth-degree assault. After defendant pleaded guilty, the trial court sentenced defendant at a separate hearing. Relevant to this appeal is the court's order for defendant to pay $ 1,111.04 in restitution. Defendant argues that the trial court erred in (1) refusing to allow him to be heard on the issue of the amount of restitution, and (2) ordering restitution when there was insufficient supporting evidence in the record. We agree with defendant that the court erred in refusing to allow him to be heard on the matter of restitution, and therefore remand for resentencing.
Defendant pleaded guilty to fourth-degree assault as a result of plea negotiations with the state that involved the dismissal of other *328 charges. The trial court found a factual basis for and accepted defendant's guilty plea. The trial court set sentencing for a later date. No discussion about restitution occurred at the time defendant entered his plea. Defendant signed a plea petition, in which defendant checked two boxes indicating that he "underst[ood] that, in addition to other fines, the judge may order [defendant] to pay restitution * * * or an amount to be determined by the judge." The petition also stated that defendant "acknowledge[d] that everything that has been agreed to is included in this document or incorporated by reference." The document did not refer to or incorporate any other agreement between the parties regarding restitution.
At the sentencing hearing, the state failed to present a printed copy of the original offer containing its sentencing recommendations, but the state requested that the court follow "what's ever [sic ] in [the] offer." The following conversation ensued:
"[THE STATE]: I'd ask the court to follow the recommendation. I think we agreed to that. * * * The restitution for the door, the information that we have from the housing authority was a hundred and eleven dollars. It's in the plea offer. I-did I give a copy of that to the court?
"THE COURT: Is it $ 11 or $ 1,111? Because I got $ 1,111.
*3 "[THE STATE]: One thousand.
"THE COURT: That's some nice door."
Shortly thereafter, defense counsel objected that she "hadn't had a chance to check into" the value of the door yet. The court asked whether it should hold a restitution hearing, and defense counsel began to indicate that it should, saying, "I think we will be requesting a restitution * * *." The state interrupted defense counsel, responding that contesting the restitution amount "wasn't part of the negotiations" and asked that defendant "pay the * * * $ 1,111 pursuant to the plea bargain that they entered into with [the state], which is a binding contract." Defense counsel disagreed, arguing that the restitution was a recommendation to the court that "the defense is always free to argue against." After additional disagreement, the court interrupted the parties:
"THE COURT: Was there a discussion about the door? Was there a discussion about restitution and was there agreement to pay restitution?
"[DEFENSE COUNSEL]: There was no specific agreement. We did have this offer it was going to be recommended. ***
"THE COURT: But your offer reflects * * * the restitution amount of 1,111.04?
"[DEFENSE COUNSEL]: It does.
"THE COURT: Okay. All right. Well, and that was-and that was an offer that you accepted?
"[DEFENSE COUNSEL]: This was an offer that we accepted."
The court proceeded and asked defendant if he was ready to be sentenced. Defendant responded that he was not, because his attorney had told him that they would be able to discuss the no-contact order and restitution at sentencing. The court asked defendant if he still wished to accept the state's offer, or whether he would rather like to withdraw his plea. Defendant stated that he wanted to continue with the offer, and the court accordingly sentenced defendant, ordering him to pay the "restitution as agreed in the amount of $ 1,111.04."
*4 On appeal, defendant first assigns error to the trial court's refusal to allow him to be heard on the issue of the amount of restitution. Defendant argues that ORS 137.106(5) requires a trial court to grant a defendant an opportunity to be heard when the defendant objects to the imposition, amount, or distribution of restitution. See ORS 137.106(1)(a) (the state "shall investigate and present to the court * * * evidence of the nature and amount of the damages"); ORS 137.106(5) ("If the defendant objects to the imposition, amount or distribution of the restitution, "the court shall allow the defendant to be heard on such issue at the time of sentencing or at the time the court determines the amount of restitution.").[1] In defendant's view, he clearly *329 objected to the imposition and amount of the restitution, first, when his attorney requested that the court conduct a restitution hearing, and second, when defendant himself told the court that he was not ready to be sentenced because he had anticipated being able to discuss the restitution amount. See State v. Zaragoza , 220 Or. App. 526, 530, 188 P.3d 308 (2008) (when defendant unambiguously objected to the imposition of restitution, the trial court was required to provide him an opportunity to be heard).
The state does not respond to the merits of defendant's argument. Rather, the state contends that the assignment of error "is unreviewable because he failed to develop a record adequate for appellate review"-specifically, because defendant did not introduce a copy of the plea offer into the record. The state argues:
"Review of the record thus shows that the trial court imposed restitution based on its interpretation of the state's written plea offer. Because that plea offer was not submitted into evidence, there is 'no basis for concluding that the trial court erred' in its interpretation of that offer. [ State ex rel. Schrodt v. Jackson County , 262 Or. App. 437, 444-45, 324 P.3d 615 (2014) ] (declining to exercise discretion for review because '[w]ithout the entirety of the evidentiary record before the trial court, we have no basis for concluding that the court erred'). Accordingly, this court should decline to review defendant's claim of error."
*5 In our view, the state has it backward. The plea petition stated that defendant understood that the restitution amount would be "determined by the court," and that "everything that has been agreed to is included in this document or incorporated by reference." As the party asserting that defendant waived the right to contest its restitution recommendation, the state-not defendant-had the burden to create a record to support that contention. It failed to do that. The record establishes, at most, that defendant accepted an offer that identified what the state was going to recommend for restitution; it does not support the further conclusion that, by accepting that the state's offer, defendant agreed to forgo a hearing on the state's recommendation.
For that reason, this case is readily distinguishable from cases like Schrodt in which we concluded that the record was not adequate for our review. In Schrodt , the appellant failed to designate parts of the record necessary for us to perform our review function. 262 Or. App. at 444, 324 P.3d 615. In this case, we have the entire record before us; the plea offer simply is not part of it. Again, that deficiency cuts against the state rather than defendant in this circumstance.
In short, the record does not support the trial court's conclusion that defendant agreed not to contest the restitution amount. The plea petition states that restitution will be determined by the court, defendant requested a hearing on the amount, and the trial court erred by imposing restitution without providing that hearing. See Zaragoza , 220 Or. App. at 530, 188 P.3d 308. We therefore remand for resentencing.
Remanded for resentencing; otherwise affirmed.

ORS 137.106 was amended in 2015. See Or. Laws 2015, ch. 9, § 2. However, because the amendments are immaterial to defendant's challenge in this case, we refer to the current version of the statute.