Submitted September 5, supplemental judgment ordering restitution vacated October 15, 2008

In the Matter of S. R. R.,
a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF DOUGLAS COUNTY,
*Respondent,*

*v.*

S. R. R.,
*Appellant.*

Douglas County Circuit Court
0200873; Petition Number 06JU200;
A136343

195 P3d 411

James A. Palmer filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

On June 6, 2006, the juvenile court entered a judgment finding youth within its jurisdiction for acts that, if committed by an adult, would constitute second-degree arson and first-degree criminal mischief. The judgment ordered restitution in an amount to be determined later. More than a year later, on June 14, 2007, the restitution hearing occurred. Youth objected on the ground that the hearing had not occurred within 90 days of the entry of the jurisdiction judgment, as required by ORS 419C.450(1)(a), given that the state had not shown good cause for the delay. The state explained that it could not give the court a reason for the delay other than the fact that there were "a lot of personnel change[s]" in the office at the time. The juvenile court concluded that the 90-day deadline was not, in effect, a statute of limitations for the imposition of restitution. The court ordered restitution in the amount of $13,236.

Youth appeals, arguing that the juvenile court erred in ordering restitution, given that the restitution hearing did not occur within the required 90-day period and that the state did not demonstrate good cause for the delay. The state concedes the error, and we accept the concession.

ORS 419C.450(1)(a)(B) provides, in part, that the court shall

"[i]nclude in the judgment a requirement that the youth offender pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. * * * The court may extend the time within which the determination and supplemental judgment may be completed for good cause."

As the state correctly acknowledges, the statute makes clear that a determination of the specific amount of restitution must be made within 90 days of the entry of the jurisdiction judgment in the absence of a showing of good cause.

In *State v. Biscotti*, 219 Or App 296, 182 P3d 269 (2008), we addressed whether losing track of a file during personnel changes in a district attorney's office constitutes "good cause" for failing to hold a restitution hearing within

the time required by a similar statute, ORS 137.106(1)(b). After surveying cases construing the term "good cause" in a variety of different contexts, we concluded that the courts of this state consistently have held that the term does not include prosecutorial inadvertence or neglect. *Id.* at 301-02. In this case, as well, we conclude that—as the state correctly concedes—the inadvertence of the prosecutor in failing to bring the restitution matter to hearing in a timely fashion does not constitute "good cause" within the meaning of ORS 419C.450(1)(a)(B).

Supplemental judgment ordering restitution vacated.