Argued and submitted September 28, in Case No. A140031, remanded for resentencing; otherwise affirmed; in Case No. A140032, remanded for resentencing; otherwise affirmed December 15, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FARRELL DEWAYNE TIPPETTS,
*Defendant-Appellant.*

Josephine County Circuit Court
08CR0154, 07CR0087;
A140031 (Control), A140032

244 P3d 891

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. On the briefs were Peter Gartlan, Chief Defender, and Elizabeth Corbridge Ranweiler, Deputy Public Defender, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger,

Attorney General, Jerome Lidz, Solicitor General, and Rene C. Holmes, Senior Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

In these two consolidated cases, defendant was convicted of multiple crimes involving separate victims. In each case, the court imposed restitution for counseling costs for the victim and the victim's mother. On appeal, defendant challenges his convictions in both cases and the imposition of restitution. We affirm defendant's convictions without discussion and write only to address the issue of restitution.

■     The trial court imposed restitution pursuant to ORS 137.106(1), which allows a court to impose restitution if it "finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose." Defendant did not object when the trial court imposed restitution, and he asks that we nonetheless review for plain error. Defendant contends that the court erred in imposing restitution under that statute because the record contains no evidence that "the victims or their mothers intended to seek counseling or that counseling had been recommended." The state concedes that the record does not contain any evidence that the victims or their mothers suffered economic damages, and that the trial court therefore plainly erred in imposing restitution. We agree with that concession and, given the significant amount of restitution imposed— $5,000 per victim and $2,500 for each mother—exercise our discretion to correct the error. *State v. Harrington*, 229 Or App 473, 477, 211 P3d 972, *rev den*, 347 Or 365 (2009) (significant restitution award not supported by any evidence in the record was plain error, which the court exercised its discretion to correct).

■     The only remaining question concerns the appropriate disposition for this type of error. The state, citing ORS 138.222(5), urges us to "remand the case for resentencing, at which time the state could present evidence of pecuniary damages." Defendant, meanwhile, argues that we should instead vacate the restitution award without remanding for resentencing, so that the state does not have a second opportunity to present evidence of economic damages. In support of that proposition, he directs us to two cases in which we have vacated judgments because the restitution award was improper, *State v. Canady*, 225 Or App 299, 201 P3d 225

(2009), and *State v. Biscotti*, 219 Or App 296, 182 P3d 269 (2008).

Defendant's proposed disposition is inconsistent with a long line of restitution cases—cases that trace back to the Supreme Court's decision in *State v. Edson*, 329 Or 127, 136, 985 P2d 1253 (1999). In *Edson*, the court held that errors involving the imposition of restitution are reviewed pursuant to ORS 138.222,[1] and, hence, an "appellate court's various disposition options" are limited to those set forth in ORS 138.222(5). 329 Or at 136. That statute provides:

> "The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing. If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

ORS 138.222(5)(a). As the court explained in *Edson*, so long as there "remain options that the trial court permissibly could adopt on resentencing," an appellate court has "no other option under ORS 138.222(5) than to reverse the sentence of the trial court and remand the entire case to that court for resentencing." 329 Or at 139.

This court, applying *Edson*, has consistently remanded for resentencing in circumstances in which the sentencing court erred by imposing restitution in the absence of any evidence of economic damages. *See, e.g., State v. Powell*, 234 Or App 589, 228 P3d 719 (2010) (remanding for resentencing where court erroneously imposed restitution in the absence of any evidence of economic damages); *Harrington*, 229 Or App at 478 (same); *State v. Neese*, 229 Or App 182, 210 P3d 933 (2009), *rev den*, 347 Or 718 (2010) (remanding for resentencing where court imposed compensatory fine without adequate proof); *State v. Donahue*, 165 Or App 143, 146,

---

[1] That statute concerns a sentence that follows a judgment of conviction for a felony committed on or after November 1, 1989.

995 P2d 1202 (2000) ("In a situation like the one presented in this case [where there was no evidence of economic harm to support the compensatory fine], the legislature has required that we remand for purposes of resentencing rather than merely vacate a portion of the sentence.").

In *Neese*, for example, the fact that a new evidentiary hearing would occur on remand was one of the premises of our plain error analysis:

"[T]he interests of the parties in an evidentiary determination of the appropriateness of a compensatory fine is high. Defendant has an interest in protecting any assets that he has or that may accrue to him during his incarceration, and the state, along with the victim, has an interest in having the amount of the victim's pecuniary loss determined so that an appropriate level of compensation can be awarded."

229 Or App at 186.[2]

We are not persuaded that that line of cases was incorrectly reasoned, nor do *Canady* and *Biscotti* demand another outcome here. In both of those cases, we concluded that the trial court had committed legal error in extending the time in which to impose restitution by way of a supplemental judgment. *See* ORS 137.106(1)(b) (requiring that a supplemental judgment imposing restitution be based on a determination made within 90 days of the entry of the judgment of conviction). Given the nature of the error in those cases, there was nothing to resentence: the sentencing court no longer had statutory authority to impose restitution and so, in the words of *Edson*, there were no "options that the trial court permissibly could adopt on resentencing[.]" 329 Or at 139. *See also State ex rel Juv. Dept. v. S. R. R.*, 223 Or App 253, 255, 195 P3d 411 (2008) (vacating untimely supplemental judgment imposing restitution).

---

[2] In *State v. Thompson*, 231 Or App 193, 217 P3d 697 (2009), we considered and rejected the defendant's argument that, on remand for resentencing in these circumstances, the court is prohibited from imposing a greater restitution award than originally imposed. We noted in that case, however, that the "[d]efendant does not assign error to the trial court's decision to conduct a new evidentiary hearing allowing the state to introduce new evidence, including evidence of expenses incurred by a victim after the date of the original sentencing." *Id.* at 195-96.

These consolidated cases are not in the same procedural posture as *Canady* or *Biscotti*, nor do they involve the same type of sentencing error; here, the trial court imposed restitution in the initial judgment rather than by way of an untimely supplemental judgment. On remand, the court will have an opportunity to conduct a new evidentiary hearing and to again consider whether restitution should be imposed on defendant.[3] ORS 138.222(5).

In Case No. A140031, remanded for resentencing; otherwise affirmed. In Case No. A140032, remanded for resentencing; otherwise affirmed.

---

[3] This case involves an unpreserved claim of error. Had defendant objected to the lack of evidence regarding restitution, the state might have had an opportunity to present additional evidence. *Cf. State v. Agee*, 223 Or App 729, 735, 196 P3d 1060 (2008) (court did not abuse its discretion by allowing the state's motion to reopen its case to present additional evidence after closing arguments in a bench trial). Defendant should not *benefit* from his failure to object in the trial court.