Argued and submitted April 11, affirmed December 29, 2011, petition for review denied May 3, 2012 (352 Or 25)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HARRY JAMES YOCUM,
*Defendant-Appellant.*

Linn County Circuit Court
09051014; A144761

269 P3d 113

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Attorney-in-Charge, Capital Cases.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Following pleas of no contest, defendant was convicted of four counts of first-degree burglary, ORS 164.225. The trial court ordered him to pay restitution to the victim in the amount of $18,000, which the trial court found represented the replacement cost of the victim's stolen pair of diamond earrings.[1] Defendant contends that the trial court erred in imposing restitution in that amount because there was insufficient evidence regarding the value of the diamond earrings. On review for errors of law, *State v. Ferrara*, 218 Or App 57, 67-68, 178 P3d 250, *rev den*, 344 Or 539 (2008), and for whether the "trial court's factual findings are * * * supported by evidence in the record," ORS 138.222(5)(a), we affirm.

The relevant facts are undisputed. Defendant burglarized several houses, including the victim's house, and a pair of the victim's diamond earrings were lost and never recovered. Defendant was convicted of four counts of first-degree burglary. At defendant's sentencing hearing, the state sought a restitution award in the amount of $20,000, which, it asserted, represented the value of the victim's earrings. Defendant disputed the state's asserted value of the earrings and requested a restitution hearing.

At that hearing, the victim was the state's only witness. The victim testified that each of the earrings consisted of a large center diamond surrounded by 10 to 12 smaller "baguette" diamonds. The victim further testified that the earrings originally had belonged to her mother, who had received them as a gift from the victim's father. Although she did not know the original purchase price of the earrings, she testified that her father was "very wealthy," that her mother wore good quality jewelry, including a three-carat diamond ring, and that the earrings were so heavy that her earlobes would sag when she wore them.

---

[1] Additionally, the trial court ordered defendant to pay $1,500 in restitution to the victim for the loss of her freshwater pearl ring. Defendant does not argue on appeal that the trial court erred in imposing restitution of that amount for that particular item.

The victim acknowledged that she had no pictures of the earrings and that she could not personally speak to the color, grade, and carat weight of the diamonds. However, the victim explained that, after the burglary, she had visited a jeweler, Jordan, in order to get an estimate of the replacement cost of the earrings. She testified that she had described the size and cut of the diamonds to Jordan, orally and with a hand-drawn picture, which was admitted into evidence. Additionally, she testified that she had shown Jordan a pair of smaller diamond earrings for comparison and had told him, "I know the center [diamond] was larger than these in circumference." Based on the victim's description, Jordan opined that the nature of the diamonds was as follows: 2 carat total weight center diamonds with 2 [carat total weight] baguette diamonds[;] white gold." Additionally, Jordan estimated the replacement cost of the earrings to be between $18,000 and $22,000. Jordan recorded his description and estimate on a business card, which the court admitted into evidence.

Defendant did not present evidence at the restitution hearing, but he argued that the evidence presented by the state was insufficient to support the imposition of more than $2,000 in restitution for the earrings. The trial court disagreed and ordered defendant to pay restitution for the earrings in the amount of $18,000:

"Well, I will state the obvious and that is the court doesn't have very good information in terms of valuation. It largely is speculation based upon history and estimates. * * *

"* * * * *

"What we know is that more likely than not it was a good quality item. I can't say with certainty that it was the top quality. I can't say with certainty that it was not a bottom quality, but more likely than not, based upon the history of her father giving her mother good quality jewelry, her mother feeling it was good quality, and having the substance to purchase that more likely than not it was—it was at least average [if] not better than average.

"* * * * *

"So then we are looking now at Mr. Jordan's apparent estimate, as rough as it is. His estimate of replacement value is $18,000 to $22,000. I have no idea, in terms of all of the information that was given to him in terms of formulating that opinion. I would love to have a wealth of diamonds so that I would be able to say I am an expert in terms of market value of diamonds. I don't have that. And that kind of information is not here in front of us on this record.

"[The victim] testified that it was good quality diamonds, that generally good quality jewelry. I would expect that the conversation that she had with Mr. Jordan was as detailed as she could be. I'm sure she was wanting to get a fair value. She seems, from my observation, to be pretty factual, not being really misled. And so I would expect that she expressed to Mr. Jordan that her mother wore relatively good quality jewelry. So I would assume that that is reflected in the valuation given here. I don't think that Mr. Jordan really had any more information than what we have and what is before the court.

"Looking at the opinion of Mr. Jordan, he says that it's $18,000 to $22,000, and I have to presume that that would be for good quality merchandise. And so I will set the valuation then at the $18,000."

On appeal, defendant contends that the evidence was insufficient to support the trial court's award of restitution in the amount of $18,000. Defendant does not dispute that the victim was entitled to *some* restitution; he challenges only the *amount* of restitution, contending that the trial court based its award on speculation.[2] Specifically, defendant argues that the state failed to "prove some quantifiable and ascertainable damages" as is required under *Ferrara*, 218 Or App 57. The state responds that the evidence was sufficient to support the restitution award of $18,000.

ORS 137.106(1) provides, in relevant part:

"When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim

---

[2] Defendant acknowledges that he is bound by his concession below that the replacement cost of the earrings was at least $2,000.

suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

"(a)   A requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court.

"(b)   A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. The court may extend the time within which the determination and supplemental judgment may be completed for good cause."

Under that statute, the state had the burden of producing "evidence of the nature and amount" of the victim's economic damages.[3] ORS 137.106(1). Additionally, the parties agree that the state had the burden to prove those damages by a preponderance of the evidence. *See State v. Mendez*, 211 Or App 311, 322-23 n 12, 155 P3d 54, *rev den*, 343 Or 160 (2007) (discussing applicable standard of proof for the imposition of restitution).

Under ORS 137.106(1), if the trial court finds that a victim has suffered "economic damages," the trial court must order restitution in an amount that equals the amount of the victim's "economic damages." According to ORS 31.710(2)(a), "economic damages" are "objectively verifiable monetary losses."[4] We have previously explained that the term "objectively verifiable monetary losses" means losses that are "capable of verification through objective facts."[5] *DeVaux v. Presby*, 136 Or App 456, 463, 902 P2d 593 (1995).

---

[3] Defendant does not argue that the state's presentation of evidence regarding the nature and amount of the victim's damages was untimely. *See State v. McLaughlin*, 243 Or App 214, 258 P3d 1241, *modified on recons*, 244 Or App 691, 260 P3d 814 (2011) (ORS 137.106(1) requires the state to present evidence of the nature and amount of damages prior to sentencing).

[4] ORS 137.103(2)(a) provides that, for the purposes of restitution, the term "economic damages" has the meaning given to that term in ORS 31.710, except that it does not include future impairment of earning capacity.

[5] In contrast, noneconomic damages are "subjective, nonmonetary losses, including but not limited to pain, mental suffering, emotional distress, humiliation, injury

To the extent that defendant argues that the replacement cost of the victim's diamond earrings was not objectively verifiable and, therefore, that the victim's damages were not economic in nature, we reject that argument. Damages representing the cost of replacing stolen jewelry, including diamond earrings, are "capable of verification through objective facts" and, accordingly, are economic in nature. *See id.* ("[T]he legislature defined 'economic' damages not as 'objectively verif*ied*' monetary losses, but as 'objectively verif*iable*' monetary losses. Thus, * * * the key is the extent to which damages are *capable* of verification by objective facts, not the extent to which they are verified at trial." (Emphases in original.)).

However, we must still consider defendant's argument that the evidence presented by the state at the restitution hearing was insufficient to support the amount of restitution ordered by the trial court. We have "consistently remanded for resentencing in circumstances in which the sentencing court erred by imposing restitution in the absence of *any* evidence of economic damages." *State v. Tippetts*, 239 Or App 429, 432, 244 P3d 891 (2010) (emphasis added) (citing representative cases).

In *Ferrara*, after the defendant was convicted of murder, the trial court awarded $20,000 in restitution to the child of the victim for the loss of his mother's support. 218 Or App at 67. The defendant argued that the "state failed to prove [the child's] pecuniary damages and that inherent in the state's failure was its failure to specify, with sufficient particularity, the value of those damages." *Id.* at 72-73. We agreed, concluding that "the state was required to prove some quantifiable and ascertainable damages" and that the state's failure "to offer *any* evidence in that regard" made the imposition of restitution improper. *Id.* at 73 (emphasis added). Similarly, in *State v. Harrington*, 229 Or App 473, 211 P3d 972, *rev den*, 347 Or 365 (2009), we concluded that the trial court plainly erred in imposing restitution for the loss of a ring, watch, and wallet where the state identified "*no* evidence of value in the record" and "*no* basis for drawing an

---

to reputation, loss of care, comfort, companionship and society, loss of consortium, inconvenience and interference with normal and usual activities apart from gainful employment." ORS 31.710(2)(b).

inference" regarding the value of the items. *Id.* at 477 (emphasis added).

The present case is distinguishable from those cases in which the record lacked *any* evidence of either the victim's economic damages or the amount of those damages. Here, the state did present evidence of the amount of the victim's economic damages, and that evidence was sufficient to support the trial court's restitution award of $18,000. *See* ORS 138.222(5)(a) (standard of review of sentencing decisions is whether the "trial court's factual findings are * * * supported by evidence in the record"); *State v. Edson,* 329 Or 127, 136-38, 985 P2d 1253 (1999) (the scope of appellate review of a sentence of restitution is governed by ORS 138.222). Most notably, the state presented evidence that a jeweler, relying on the victim's description of the diamond earrings, had estimated the replacement cost of the earrings to be between $18,000 and $22,000. On this record, the trial court was entitled to infer that the jeweler felt that the victim's description was sufficiently adequate such that he could make an appropriate estimate as to the replacement cost of the earrings. Additionally, the state presented evidence that supported the estimate: namely, the victim's testimony regarding her father's wealth, her mother's habit of wearing good quality jewelry, and her drawing and description of the earrings.

Defendant asserts that the trial court's statements that "the court doesn't have very good information in terms of valuation" and that "[i]t largely is speculation based upon history and estimates" demonstrate that there was insufficient evidence to support the restitution award. We disagree. The court's actual decision is more telling. Read as a whole, the record shows that the trial court considered the evidence—the victim's description of her family history and the jeweler's estimate—sufficient to support its ultimate decision of imposing restitution in the amount of $18,000. The trial court, as factfinder, was entitled to weigh the evidence presented and to reach that conclusion. *Cf. State v. Gruver,* 247 Or App 8, 268 P3d 760 (2011) (no plain error in awarding restitution when some evidence of the nature and amount of the damages introduced at trial).

Affirmed.