Submitted April 16, 2021; portion of judgment imposing restitution reversed, otherwise affirmed February 24, 2022

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JAMES KEE TAIK PARK,
*Defendant-Appellant.*

## Washington County Circuit Court
## 19CR08009; A172294

505 P3d 1026

Defendant appeals a judgment of conviction, challenging the trial court's imposition of restitution for the Criminal Injuries Compensation Account (CICA). Defendant argues that the trial court plainly erred in imposing the restitution because there was no evidence to establish that CICA suffered economic damages as a result of defendant's criminal conduct. Defendant notes that the only record of services to the victims were their CARES evaluations but argues that a court is not legally permitted to order restitution to reimburse CICA for CARES evaluation services. The state concedes that the trial court plainly erred because it was without the legal authority to impose restitution to CICA as reimbursement for the CARES evaluations. *Held*: Although the record is insufficient to establish that the restitution was based on payments that CICA made to CARES for the victims' evaluations, the Court of Appeals agreed with the parties that the trial court plainly erred where there was no factual record to establish that defendant's criminal conduct resulted in economic damages to CICA. The court exercised discretion to correct the error and determined that, based on the unique circumstances of the case, the proper disposition was to reverse the portion of the judgment imposing restitution.

Portion of judgment imposing restitution reversed; otherwise affirmed.

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Portion of judgment imposing restitution reversed; otherwise affirmed.

## ORTEGA, P. J.

Defendant appeals a judgment of conviction for numerous counts of various sex crimes committed against two minor victims. We reject without written discussion defendant's first and second assignments of error and write only to address defendant's third assignment, in which he challenges the trial court's imposition of $1,581.36 in restitution. For the following reasons we reverse the imposition of restitution.

The following facts are undisputed. During trial, evidence was presented that CARES Northwest conducted forensic interviews of both minor victims during the criminal investigation. The state filed a restitution notice requesting $1,581.36 in restitution for the Criminal Injuries Compensation Account (CICA). Following defendant's conviction, at sentencing the state requested the same amount in restitution for CICA. Defendant did not object. The court imposed $1,581.36 in restitution to CICA and sentenced defendant to a combined prison term that the state conceded at sentencing was "functionally" equivalent to a life sentence for defendant.

On appeal, defendant argues that the trial court plainly erred in imposing $1,581.36 in restitution to CICA because there was no evidence to establish that it suffered economic damages as a result of defendant's criminal conduct. *See* ORS 137.103(2)[1] and ORS 31.705[2] (defining "economic damages" for purposes of restitution in criminal cases); ORS 137.103(4) (defining "victim" for purposes of restitution). Defendant notes that the only record of services to the victims were their CARES evaluations but argues that a court is not permitted to order restitution to reimburse CICA for CARES evaluation services. *See State v. Herfurth*, 283 Or App 149, 151, 157-59, 388 P3d 1104 (2016), *rev den*, 361 Or 350 (2017) (concluding that there was insufficient evidence to support

___

[1] ORS 137.103 was amended following the pertinent events of this case. *See* Or Laws 2021, ch 478, § 9. However, we refer to the current version of the statute throughout the opinion because those amendments do not affect our analysis.

[2] ORS 31.705 was amended following the pertinent events of this case. *See* Or Laws 2021, ch 478, § 3. However, we refer to the current version of the statute throughout the opinion because those amendments do not affect our analysis.

the imposition of restitution to CICA as reimbursement costs to CARES for its evaluation of the victim where there was no evidence to establish a theory of civil liability under which those costs could be recoverable against defendant, which is required to constitute "economic damages" under ORS 137.103(2)); *see also State v. White*, 296 Or App 445, 450-52, 439 P3d 569, *rev den*, 365 Or 195 (2019) (concluding that CARES was not a "victim" under ORS 137.103(4)(b) where state did not explain "why its provision of services constitutes 'economic damages' within the meaning of the restitution statutes"). Therefore, defendant asserts that there was an insufficient factual record to support imposing restitution to CICA and that the error is plain. ORAP 5.45(1); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (plain error is an error of law that is obvious and not reasonably in dispute, and appears on the face of the record). Defendant also urges that we exercise our discretion to correct the error. *See Ailes v. Portland Meadows*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (setting forth considerations in deciding whether to exercise discretion to correct plain error).

        The state concedes that the trial court plainly erred in imposing restitution to CICA, although on a slightly different legal basis. The state agrees that the "record does not reflect what [the restitution] amount was based on" but, like defendant, notes that the record establishes that CARES conducted evaluations of the victims. From there, the state contends that the court was without legal authority to impose restitution to CICA based on payments it made to CARES for its evaluations. That is so, according to the state, because ORS 137.103(4), as interpreted by *State v. White*, 299 Or App 165, 449 P3d 924 (2019), prohibits CICA from obtaining restitution "for the expenses that a minor incurs for the costs of undergoing a CARES sex-abuse evaluation or other medical expense." *See, e.g., id.* at 167-68 (concluding that the trial court was not statutorily authorized to impose restitution to Providence, the victim's medical insurer, for costs that Providence paid to CARES and Randall Children's Hospital as reimbursement for their evaluations of the minor victim's injuries related to the incident; assuming without deciding that those costs were properly considered medical expenses, "the medical expenses of an unemancipated minor child are

not damages suffered by the child but, instead, are damages suffered by the child's parents"). Therefore, on that basis, the state concedes that the trial court plainly erred in imposing restitution to CICA. Although the record is insufficient to establish that the restitution was based on payments that CICA made to CARES for the victims' evaluations, we agree with the parties that the trial court plainly erred in ordering restitution to CICA on this record.

Here, there was insufficient evidence to establish the nature of the ordered restitution. *See State v. Ixcolin-Otzoy*, 288 Or App 103, 104, 406 P3d 100 (2017), *rev den*, 362 Or 699 (2018) (state's burden to prove by a preponderance of the evidence the "nature and amount" of the victim's economic damages (internal quotation marks omitted)); ORS 137.106 (providing that state must present "nature and amount" of economic damages). The parties do not dispute that there was no evidence explaining who CICA made payments to, or what the payments were made for. Although the state's concession assumes that the restitution was based on payments that CICA made to either the victims' insurers or directly to CARES as reimbursement for the costs of the CARES evaluations of the minor victims, there is nothing in the record to support a nonspeculative inference that that was what happened, or that CARES even sought financial reimbursement for its services. Further, as the parties agree, there is no other evidence in the record that would support the imposition of restitution to CICA. Therefore, we conclude that there was no factual record to establish that defendant's criminal conduct resulted in $1,581.36 of economic damages to CICA. *See* ORS 137.103(4)(c) (providing that CICA is a "victim" for purposes of criminal restitution statutes "*if* it has expended moneys on behalf of a victim described in paragraph (a) of this subsection" (emphasis added)); ORS 137.103(4)(a) (defining "victim" as the "person * * * against whom the defendant committed the criminal offense, if the court determines that the person * * * has suffered or did suffer economic damages as a result of the offense"); ORS 31.705 (defining "economic damages" as "objectively verifiable monetary losses").

We also conclude that the trial court's error was plain based on our case law. *See, e.g.*, *State v. Martinez*, 250

Or App 342, 343-44, 280 P3d 399 (2012) (although a restitution exhibit indicated that Care Oregon, as an insurance carrier, paid a certain amount to one of the victims, the trial court plainly erred in ordering restitution where there was no evidence establishing that defendant's criminal conduct resulted in economic damages to Care Oregon); *State v. Tippetts*, 239 Or App 429, 431, 244 P3d 891 (2010) (concluding that trial court plainly erred in ordering restitution for counseling costs for the victims and the victims' mothers where there was no record to establish that they suffered those economic damages). And, for the reasons stated in *Martinez*, 250 Or App at 344, we exercise our discretion to correct the error.

Turning to our disposition, both parties request that we reverse the restitution award without remanding for resentencing. The state explains that it does not plan to seek modification of any of the sentencing terms if the case were remanded. Based on the unique circumstances of this case, we agree with the parties and conclude that this is an appropriate case to reverse without a remand for resentencing. *Cf. White*, 299 Or App at 169 (explaining that, where court erred in imposing a restitution award, a remand for resentencing is appropriate if the record indicates that the trial court may have an alternative basis on which to impose restitution). Accordingly, we reverse the portion of the judgment imposing restitution and otherwise affirm.

Portion of judgment imposing restitution reversed; otherwise affirmed.