186 April 1, 2026 No. 252

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRANK EDWARD DEVEREAUX III,
*Defendant-Appellant.*

Lane County Circuit Court
24CN03891; A186208

Jay A. McAlpin, Judge. (General Judgment November 18, 2024)

Charles M. Zennaché, Judge. (General Judgments December 6, 2024)

Submitted February 13, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Reversed and remanded for entry of judgment deleting provision requiring payment of fees for participation in programs as an inmate; otherwise affirmed.

**EGAN, J.**

Defendant appeals from a contempt judgment which included a provision, which appeared for the first time in the judgment, ordering defendant to "pay, as directed, all fees assessed for participation in programs as an inmate." The state correctly concedes that preservation is excused and that it was error to include the term in the judgment without announcing it at sentencing. *See State v. Barr*, 331 Or App 242, 244, 545 P3d 772, *rev den*, 372 Or 720 (2024). The parties also agree that, under the circumstances, the proper remedy is reversal of the provision ordering the payment of fees for participation in programs as an inmate, without remanding for resentencing. *Cf. State v. Park*, 317 Or App 692, 696, 505 P3d 1026 (2022) (reversing erroneous restitution order where both parties agree to reversal without remanding for resentencing and where "[t]he state explains that it does not plan to seek modification of any of the sentencing terms if the case were remanded").

Reversed and remanded for entry of judgment deleting provision requiring payment of fees for participation in programs as an inmate; otherwise affirmed.[1]

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.