144 May 28, 2026 No. 468

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

COREY JAMES MILLER,
*Defendant-Appellant.*

Klamath County Circuit Court
22CR05058; A181103

Stephen R. Hedlund, Judge.

Argued and submitted December 19, 2024.

Emma McDermott, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.*

POWERS, P. J.

Portion of judgment permanently revoking driver's license reversed; remanded for resentencing; otherwise affirmed.

---

\* Lagesen, Chief Judge *vice* Armstrong, Senior Judge.

**POWERS, P. J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII). On appeal, defendant argues, and the state concedes, that the trial court erred in permanently revoking his driving privileges because the record was insufficient to prove that defendant had two qualifying predicate convictions under ORS 809.235(1)(b). The parties, however, disagree regarding the appropriate remedy—with defendant urging us to remand with instructions and the state contending that we should remand for resentencing. As explained below, we reverse and remand for resentencing.

Because the parties are familiar with the undisputed procedural and background facts, which are uncontested, we do not provide a recitation for this nonprecedential memorandum opinion. Here, we focus on the dispute surrounding the revocation of defendant's driving privileges and the appropriate remedy.

ORS 809.235(1)(b) requires the trial court to order the permanent revocation of a defendant's driving privileges upon conviction of a third qualifying DUII offense.[1] At sentencing, the parties agreed that defendant had one qualifying conviction for DUII in 2007. The state argued that defendant had another qualifying conviction in that he had a 1978 conviction for "misdemeanor Drunk Driving on a Highway" in California, and defendant took the position that that conviction would not qualify as a statutory counterpart under ORS 809.235(1)(b). There is no reference in the record

---

[1] ORS 809.235(1)(b) provides, in part:

"The court shall order that a person's driving privileges be permanently revoked * * * if the person is convicted for a third or subsequent time of any of the following offenses in any combination:

"(A) Driving while under the influence of intoxicants in violation of:

"(i)  ORS 813.010; or

"(ii)  The statutory counterpart to ORS 813.010 in another jurisdiction.

"(B) A driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving of a vehicle due to the use of an intoxicant or a combination of intoxicants.

"(C) A driving offense in another jurisdiction that involved operating a vehicle while having a blood alcohol content above that jurisdiction's permissible blood alcohol content."

to any specific California statute and no judgment of conviction for that offense is included in the trial court record. After announcing the rest of defendant's sentence, the trial court gave the parties until the end of the week to provide information regarding the 1978 conviction. The court then issued an opinion letter concluding that the conviction qualified as a predicate offense under ORS 809.235(1)(b) based on an article that the state had provided concerning the state of the law in California relating to DUII in 1978. The court entered a judgment ordering that defendant's driver's license be permanently revoked.

As noted earlier, defendant contends, and the state concedes, that the record does not permit a determination that defendant was convicted of a qualifying California offense, and that the erroneous permanent revocation of defendant's driver's license is a sentencing error. We agree and accept the state's well-founded concession. Whether that is an "error that requires resentencing" depends on whether "there remain options that the trial court permissibly could adopt on resentencing." *State v. Edson*, 329 Or 127, 137, 139, 985 P2d 1253 (1999); ORS 138.257(4)(a)(B) (providing that an appellate court "shall" remand the case to the trial court "[i]f the appellate court determines that the trial court, in imposing or failing to impose a sentence in the case, committed an error that requires resentencing").

On appeal, the state argues that the error requires a remand for resentencing so that it may present additional evidence regarding the 1978 conviction to prove that it qualifies as a predicate conviction for the purposes of the permanent—or so-called "lifetime"—revocation of defendant's driving privileges, or so that the trial court, in the alternative, could enter the correct period of revocation. Defendant, by contrast, seeks a remand with instructions to enter a judgment reflecting a one-year period of revocation.

Although they cite different statutes, both parties acknowledge that other statutes authorize the sentencing court to revoke driving privileges following a DUII conviction; as a consequence, the error requires resentencing. As to its scope, we observe that the dispute regarding the validity of the 1978 conviction at sentencing afforded the state

the opportunity to make a record sufficient to prove that defendant was subject to a lifetime suspension. However, it also had the effect of precluding the parties from developing arguments regarding any other statutory revocation period that may permissibly be imposed on this record. We, therefore, conclude that the trial court may not reimpose the lifetime revocation under ORS 809.235(1)(b) on this record, but that the court may, in the first instance, determine what other revocation term is authorized by another statute and supported by the record. *Compare State v. Miller*, 327 Or App 740, 754, 537 P3d 191, *rev den*, 371 Or 715 (2023) (reversing restitution order when there was no evidence regarding the challenged costs), *and State v. Smith*, 291 Or App 785, 791-92, 420 P3d 644 (2018) (reversing restitution when evidence was insufficient to prove that the defendant's criminal activity was a "but for" cause of damages), *with State v. Tippetts*, 239 Or App 429, 434 n 3, 244 P3d 891 (2010) (remanding for new evidentiary hearing when the defendant did not object to the sufficiency of the evidence before the trial court and, as a result, the state did not have an opportunity to present additional evidence in support of restitution).

Portion of judgment permanently revoking driver's license reversed; remanded for resentencing; otherwise affirmed.