STATE OF OREGON,
*Appellant,*

*v.*

RUSSELL WADE BASS,
*Respondent.*

(CC87-1169; CA A45746 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

ROBERT EUGENE LANDIS, JR.,
*Respondent.*

(CC87-1171; CA A45807)
(Cases consolidated)

752 P2d 334

Thomas H. Denney, Assistant Attorney General, Salem,

argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for respondents. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state appeals from the trial court's order sustaining defendants' demurrers. Defendants were each charged with two counts of attempted murder and two counts of attempting to use a dangerous weapon, based on an incident involving two victims.

Both of the the indictments state, in pertinent part:

"The said [defendant] on or about the 19th day of July, A.D. 1987, in the County of Clatsop, State of Oregon, then and there being did unlawfully and intentionally attempt to cause the death of another human being, to wit: [victim], by attempting to involve the vehicle being operated by said [victim] in an accident by firing a weapon at said vehicle, by placing obstacles in the road in the path of said vehicle, and by attempting to cause said vehicle to collide with another vehicle or vehicles.

"* * * * *

"[A]s part of the same act and transaction * * * the said defendant did intentionally and unlawfully attempt to use against [victim] a dangerous weapon, to wit: a shotgun."

Defendants contend that the phrases "intentionally attempt" and "intentionally and unlawfully attempt" fail to specify the culpable mental state required for conviction of the underlying crimes. They argue that all attempts are intentional acts by definition and that, therefore, the phrase "intentionally attempt" is redundant and says nothing about the mental state required for the underlying crimes.[1]

■  We have held that terms in an accusatory instrument must be read in conjunction with the relevant statutes. *State v. House,* 37 Or App 131, 134, 586 P2d 388 (1978); *State v. Jim/White,* 13 Or App 201, 220-1, 508 P2d 462, *rev den* (1973).

---

[1] Article I, section 11, of the Oregon Constitution provides:

"In all criminal prosecutions, the accused shall have the right * * * to demand the nature and cause of the accusation against him."

ORS 132.550 provides, in relevant part:

"The indictment shall contain substantially the following:

"* * * * *

"(7) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

"Attempt" is defined by statute to require intentional conduct. ORS 161.405(1). Use of the term "attempt" is sufficient to allege the mental state of intent. *State v. House, supra,* 37 Or App at 134. Therefore, the indictment here was sufficient to allege the element of intent as to the crimes of attempted murder and attempting to use a dangerous weapon. Defendants are correct that the phrase "intentionally attempt" is redundant, but that redundancy does not affect the sufficiency of the indictment.

■      Defendants also contend that the indictments improperly charge more than one theory of attempted murder in a single count by reason of the phrase

"by attempting to involve the vehicle being operated by said [victim] in an accident by firing a weapon at said vehicle, by placing obstacles in the road in the path of said vehicle, and by attempting to cause said vehicle to collide with another vehicle or vehicles."

The state argues that the indictment does not present alternative theories but merely alleges the different means by which defendants allegedly attempted to kill their victims and that, in any event, it is immaterial whether an indictment charges alternative theories in a single count or separate counts. We need not reach the latter issue, for we agree with the trial court that the indictment merely alleges different means used to commit the same crime, not alternative theories.

Reversed and remanded.