Argued and submitted March 13, vacated in part; otherwise affirmed May 21, 1997

# STATE OF OREGON,
*Respondent,*

*v.*

# TORNAIL RAY WILLIAMS,
aka Alcindor Lockard,
*Appellant.*

(9307-34508; CA A89403)

939 P2d 93

Sally L. Avera, Public Defender, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

After a trial to the court, defendant was convicted of failing to perform the duties of a driver, ORS 811.705, and sentenced to 21 months' incarceration and two years' post-prison supervision. The court also ordered defendant to make restitution to the victim in the sum of $680. ORS 137.106. Defendant's sole assignment of error is to the imposition of the restitution obligation. We vacate that portion of the sentence.

On appeal, defendant argues, and the state concedes, that under the applicable law at the time defendant committed the crime, and at the time of his sentencing, the trial court lacked the authority to impose restitution without proof that the victim's pecuniary damages resulted from defendant's failure to remain at the scene of the accident.[1] *State v. Eastman/Kovach*, 292 Or 184, 637 P2d 609 (1981); *State v. Guerrero*, 134 Or App 619, 896 P2d 14 (1995). Although defendant failed to object during sentencing when the court imposed restitution, the state concedes that defendant properly raised the issue before the trial court and thereby preserved the error for our review.[2] We accept both concessions.

Defendant argues that we should vacate the restitution portion of the judgment of conviction. The state responds that we should remand for resentencing under ORS 138.222(5).[3] The state contends that there is ample authority

---

[1] Defendant committed the crime on March 18, 1993, and was sentenced on June 23, 1995. Effective September 9, 1995, Oregon Laws 1995, chapter 782, section 2, now codified at ORS 811.706 provides:

"When a person is convicted of [failing to perform the duties of a driver under ORS 811.700 or 811.705], the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700 or 811.705."

[2] Before the trial court pronounced sentence, defense counsel argued that the court lacked authority to impose restitution in this case:

"But I know the Court is familiar with the case law, and [the] case law is quite clear that the crime of felony hit and run or failure to perform the duties of a driver is the crime of leaving the scene. It's not necessarily related to the loss, the civil loss, due to the accident."

[3] ORS 138.222(5) provides, in part:

under which the trial court could have imposed a fine,[4] ORS 161.625(1), and that it would have done so had it known that the restitution obligation would be vacated. It is clear from our reading of the record that the trial court imposed restitution to cover those pecuniary damages that were not covered by the victim's insurance. ORS 161.625(1) does not provide that fines imposed under it may be paid to a victim. We cannot discern any sentencing plan or scheme under which the trial court would have imposed a fine under these circumstances. Accordingly, we vacate the restitution portion of the judgment of conviction.

Restitution obligation vacated; otherwise affirmed.

---

"If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

[4] We have held that ORS 137.101 does not authorize a trial court to impose a compensatory fine under ORS 811.705 on a conviction for failure to perform the duties of a driver to an injured person. *State v. Gray*, 113 Or App 552, 833 P2d 341 (1992).