Argued and submitted March 30, judgment awarding restitution vacated and remanded for resentencing; otherwise affirmed May 25, appellant's petition for reconsideration filed May 31 allowed by opinion August 3, 2011
See 244 Or App 591, 260 P3d 814 (2011)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN LEE MCLAUGHLIN,
*Defendant-Appellant.*

Multnomah County Circuit Court
080733272; A142664

258 P3d 1241

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Samuel A. Kubernick, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals a judgment of conviction for first-degree theft, ORS 164.055 (2007).[1] He assigns error to the trial court's denial of his motion in arrest of judgment and to the imposition of restitution in the amount of $421.65. We affirm the court's denial of the motion in arrest of judgment, but remand for resentencing because the state failed to timely present evidence of the amount of damages to support the imposition of restitution.

The relevant facts are not in dispute. Defendant removed a bronze plaque that was affixed to the wall of the Portland Police Bureau's Central Precinct, located in the Justice Center in Portland, and left it on the side of the street. Officers recovered the plaque, and it was then reinstalled. The grand jury indictment charged defendant with first-degree theft, ORS 164.055(1), alleging that he "did unlawfully and knowingly commit theft of a bronze plaque" from the City of Portland. At trial, Krohn, a facilities coordinator for the city who worked with the Portland Police Bureau, testified that the value of the plaque—its "replacement cost"— was $2,000. Krohn also testified that city "building maintenance" had "made some modifications to the backing and reinstalled it" on the wall. The jury convicted defendant.

After the trial, defendant filed a motion in arrest of judgment, which the trial court denied. At sentencing, the state requested a restitution hearing so that it could present evidence of the cost to the city to reinstall the plaque. Defendant objected, arguing that the state failed to present, prior to the sentencing hearing, evidence of the nature and amount of the damages to the victim, as required by ORS 137.106. The court disagreed, found that there was a pecuniary loss to the victim, and scheduled a restitution hearing. At the restitution hearing, Krohn testified that the cost to reinstall the plaque consisted of the hourly wages of two employees plus some overhead, a total of $421.65, which the court imposed as restitution in a supplemental judgment.

---

[1] ORS 164.055 (2007), *amended by* Or Laws 2009, ch 16, § 3; Or Laws 2009, ch 610, § 6. All ORS 164.055 citations reference the 2007 version.

On appeal, defendant raises two assignments of error. In his first assignment, defendant argues that the trial court should have granted his motion in arrest of judgment because the indictment failed to state a crime. In his second assignment of error, defendant argues that the trial court erred in ordering him to pay restitution. We address each assignment in turn.

We begin with defendant's contention that the trial court incorrectly denied his motion in arrest of judgment. A motion in arrest of judgment may be founded only on two specified grounds for pretrial demurrer: (1) the grand jury had no legal authority to inquire about the crime because the crime is not triable within the county, pursuant to ORS 135.630(1); or (2) the facts stated in the accusatory instrument do not constitute an offense, pursuant to ORS 135.630(4). ORS 136.500. Defendant's motion was based on the latter ground. Defendant claims that the indictment fails to state facts constituting an offense because it alleges an incorrect culpable mental state.

The indictment charges defendant with "knowingly" committing "theft" of the plaque. Defendant argues that the correct culpable mental state for commission of first-degree theft is "intentionally," and, because the indictment alleges that he committed the theft "knowingly," it failed to state an offense. Previously, we have held that terms in an accusatory instrument must be read in conjunction with the relevant statutes. *State v. Bass/Landis*, 90 Or App 350, 352, 752 P2d 334 (1988); *State v. House*, 37 Or App 131, 134, 586 P2d 388 (1978). Therefore, because the indictment charges defendant with "theft" in violation of ORS 164.055(1), it necessarily includes the statutory definition of theft containing the culpable mental state that defendant contends is missing. *See* ORS 164.055(1) (a person commits first-degree theft when the person commits theft as defined in ORS 164.015 and the value of the property is $750 or more); ORS 164.015 (to commit theft, a person must act "with the intent to deprive another of property" and must take, appropriate, obtain or withhold that property). The indictment stated facts that constitute the offense, *State v. Jim/White*, 13 Or App 201, 220, 508 P2d 462 (1973), and the trial court properly denied defendant's motion in arrest of judgment.

In defendant's second assignment of error, defendant asserts that, under ORS 137.106(1), the state was required to investigate and to present to the court, at or prior to sentencing, evidence of both the nature and amount of damages the victim suffered, and that the trial court could neither schedule a restitution hearing nor impose restitution without it. Defendant argues that this requirement under ORS 137.106(1) allows for proper notice to a defendant and the court of the claimed damages, and that the trial court erroneously found that the state had timely provided evidence of the amount of the city's damages. For its part, the state does not challenge that a defendant should be provided notice of both the nature and amount of the damages the victim claims for purposes of restitution. Instead, the state responds that at trial, Krohn testified that city workers reinstalled the plaque and to its replacement value; therefore, the state argues, though the amount of restitution the court assessed was not based on the cost of a new plaque, Krohn's testimony was sufficient to satisfy the evidentiary requirement under ORS 137.106(1). For the reasons below, we agree with defendant.

We review sentencing decisions, including restitution orders, for errors of law. *State v. Noble*, 231 Or App 185, 189, 217 P3d 1130 (2009); *State v. Ferrara*, 218 Or App 57, 67-68, 178 P3d 250, *rev den*, 344 Or 539 (2008). This case requires us to interpret and apply ORS 137.106(1). In resolving questions of statutory interpretation, the court's task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We first look at the text and context of the statute, and will consider legislative history if it appears useful to the court's analysis. *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009).

For restitution, ORS 137.106 provides, in part:

"(1) When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, *the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages.* If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may

impose, the court shall include one of the following in the judgment:

> "(a)   A requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court.

> "(b)   A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. * * *"

ORS 137.106(1) (emphasis added). The statute makes clear there are three steps for the court to order restitution. First, the district attorney must investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of damages. Second, the court must find from the evidence presented that the victim suffered economic damages. Finally, assuming the first two requirements are satisfied, the court can either impose restitution at the sentencing hearing under ORS 137.106(1)(a) or order the defendant to pay restitution in an amount to be established at a restitution hearing within 90 days of the entry of judgment under ORS 137.106(1)(b). The parties disagree concerning what constitutes the required "evidence of the nature and amount of the damages" and, as a consequence, whether the trial court properly found that the city suffered economic damages and allowed a restitution hearing.

The state argues that it satisfied the first requirement under ORS 137.106(1) by presenting adequate evidence of the nature and amount of damages during the guilt phase of trial. The state relies on *Noble*, 231 Or App at 189, where we held that ORS 137.106(1) does not require the state to conduct a separate investigation of the nature and amount of damages if the state has already done so during the guilt phase of the trial. *Noble* is not dispositive because the dispute here does not involve whether a separate investigation was necessary. Instead, the dispute focuses on whether the state timely provided evidence of both the nature and amount of

damages. Here, Krohn explained in the guilt phase at trial that the plaque was modified and then city workers reinstalled it to the wall. The state concedes that Krohn did not specify any amount of damages that the city incurred to modify and reinstall the plaque, but nonetheless argues that the requirements of ORS 137.106(1) were satisfied because the trial court could infer from Krohn's testimony that the city suffered *some* economic damages. We disagree that that is sufficient given the terms of the statute.

Although Krohn stated at trial[2] that city workers reinstalled the plaque, she did not say that the city incurred costs to reinstall it or testify even remotely as to the amount of such costs. At best, the state presented evidence to explain the *nature* of most of the damages ultimately sought—the labor cost of the city employees who put the plaque back on the wall in the Justice Center—but it presented no evidence as to the *amount* of the damages. The only monetary value that Krohn testified to at trial concerned the replacement cost of the plaque, which established an element of the crime, namely, that the value of the property taken was worth at least $750. There is no nexus between that evidence and what defendant was ordered to pay as restitution. Because the plaque was retrieved, the price for a new plaque was irrelevant to determining the damages the state later sought as restitution—labor costs for reinstallation plus overhead. To accept the state's argument would require us to affirm that it is sufficient for purposes of ORS 137.106(1) for the state merely to imply that the victim suffered some economic damages without timely presenting evidence that the victim in fact suffered a particular type of damages coupled with some evidence of the amount of such damages. That result would be contrary to the statute's unambiguous mandate that "evidence of the nature and amount of the damages" be presented before the time of sentencing.

We agree with defendant that the state failed to timely present sufficient evidence of at least the amount of the damages the city incurred as required by ORS 137.106(1).

---

[2] No one testified or otherwise presented evidence at the sentencing hearing, so the evidence required under ORS 137.106(1) was required to have been presented at the trial.

Therefore, at defendant's sentencing the trial court lacked the evidence required under the statute to determine that the victim suffered economic damages and to set a restitution hearing. It follows that the trial court erred in ordering defendant to pay restitution.

Judgment awarding restitution vacated and remanded for resentencing; otherwise affirmed.