On appellant's petition for reconsideration filed May 31, reconsideration allowed; former disposition (243 Or App 214, 258 P3d 1241) withdrawn; judgment awarding restitution reversed; otherwise affirmed August 3, appellant's petition for reconsideration filed May 31 and respondent's response to petition for reconsideration filed October 5 allowed by opinion December 21, 2011 See 247 Or App 234, 269 P3d 104 (2011)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN LEE MCLAUGHLIN,
*Defendant-Appellant.*

Multnomah County Circuit Court
080733272; A142664

260 P3d 814

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

**PER CURIAM**

Defendant petitions for reconsideration of our disposition in this case, which stated: "Judgment awarding restitution vacated and remanded for resentencing; otherwise affirmed." *State v. McLaughlin*, 243 Or App 214, 221, 258 P3d 1241 (2011). Defendant requests that we delete the phrase "and remanded for resentencing." We allow the petition and modify the disposition.

We draw a distinction between cases overturning the restitution judgment outright and those remanding for resentencing based on whether the trial court still retains authority to impose restitution. *State v. Tippetts*, 239 Or App 429, 433, 244 P3d 891 (2010). Defendant relies on cases in which we have simply overturned a supplemental judgment awarding restitution rather than remanding when the trial court erroneously extended the time period for imposing restitution, thereby causing the supplemental judgment to be untimely entered. *See State v. Canady / Calhoun*, 225 Or App 299, 300, 201 P3d 225 (2009); *State v. Biscotti*, 219 Or App 296, 304, 182 P3d 269 (2008).

Although the trial court in this case timely entered the supplemental judgment awarding restitution, the prosecution failed to meet its procedural deadline in ORS 137.106(1) to present evidence of the nature and amount of damages prior to the time of sentencing. Accordingly, the trial court has no basis and does not retain authority to impose restitution, and we need not remand the case for resentencing.

Petition for reconsideration allowed; former disposition withdrawn; judgment awarding restitution reversed; otherwise affirmed.