On appellant's petition for reconsideration filed May 31, and respondent's response to petition for reconsideration filed October 5, opinion on reconsideration (244 Or App 691, 260 P3d 814) withdrawn; original opinion and disposition (243 Or App 214, 258 P3d 1241) adhered to; remanded for resentencing December 21, 2011, petition for review allowed June 14, 2012 (352 Or 107)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**JOHN LEE McLAUGHLIN,**
*Defendant-Appellant.*

Multnomah County Circuit Court
080733272; A142664

269 P3d 104

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, for petition.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Samuel A. Kubernick, Assistant Attorney General, for response.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Based on renewed briefing that the state has submitted regarding the proper disposition in this case, we withdraw our opinion on reconsideration in *State v. McLaughlin*, 244 Or App 691, 260 P3d 814 (2011) (*McLaughlin II*). We write to explain the basis for our decision.

In our original opinion in this case, *State v. McLaughlin*, 243 Or App 214, 258 P3d 1241 (2011), we rejected defendant's challenge to his conviction for first-degree theft but vacated the supplemental judgment of restitution because the prosecution did not present the minimum required notice of the nature and amount of restitution to the court and defendant at or before sentencing. We also remanded for resentencing. *Id.* at 221.

Defendant then filed a petition for reconsideration electronically, arguing that, under *State v. Tippetts*, 239 Or App 429, 244 P3d 891 (2010); *State v. Canady/Calhoun*, 225 Or App 299, 201 P3d 225 (2009); and *State v. Biscotti*, 219 Or App 296, 182 P3d 269 (2008), we should not remand for resentencing because the trial court no longer had the authority to impose restitution. The state did not file any opposition. We concluded, based on defendant's authorities, that "[we] draw a distinction between cases overturning the restitution judgment outright and those remanding for resentencing based on whether the trial court still retains authority to impose restitution." *McLaughlin II*, 244 Or App at 692. And, because the prosecution failed to timely present evidence of the nature and amount of restitution, the trial court now "has no basis and does not retain authority to impose restitution[.]" *Id.* We allowed the petition and changed the disposition to "judgment awarding restitution reversed[.]" *Id.*

Thereafter, the state sought leave to file a late response to the petition for reconsideration, because it had not received the usual electronic notice from the court that we had accepted the petition for filing. We granted the state's motion.

The state urges us to withdraw our opinion on reconsideration and thereby again remand the case for resentencing. The state now argues that this case is distinguishable from *Canady / Calhoun* and *Biscotti* and makes an argument that does not appear to have been raised in those cases. The state argues, among other things, that based on ORS 138.222(5)(a), we must remand because, although restitution is no longer an option at sentencing, the sentencing court may wish to impose a compensatory fine under ORS 137.101 that would be paid to the victim. Although we reject the other arguments that the state asserts, we agree that, under the circumstances, ORS 138.222(5)(a) requires that we remand for resentencing.

Under ORS 138.222(5)(a), if an appellate court "determines that the sentencing court, in imposing a sentence in the case, *committed an error that requires resentencing,* the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case." (Emphasis added.) A compensatory fine would be similar to restitution because the court can order the clerk of the court to pay over a compensatory fine or some portion of it to a victim. In part, ORS 137.101 provides:

> "(1) Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

The trial court's original sentence indicated its desire to have defendant compensate the victim, although the court was mistaken that it could award restitution at the time of sentencing. In light of the possible compensatory fine and ORS 138.222(5)(a), we must permit the court to reconsider its sentence. *Cf. State v. Williams,* 148 Or App 93, 939 P2d 93 (1997)

(rejecting the state's argument that, although an award of restitution could not be reimposed, we should remand under ORS 138.222(5) because the trial court might resentence the defendant with a simple fine, when there was no discernable "sentencing plan or scheme under which the trial court would have imposed a fine").

Opinion on reconsideration, 244 Or App 691, 260 P3d 814 (2011), withdrawn; original opinion and disposition, 243 Or App 214, 258 P3d 1241 (2011), adhered to; remanded for resentencing.