Submitted January 31, supplemental judgment vacated and remanded; otherwise affirmed December 5, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CINDY JEAN BECKHAM,
*Defendant-Appellant.*

Washington County Circuit Court
D100380M; A145541

292 P3d 611

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant was convicted of one count of fourth-degree assault constituting domestic violence, a Class A misdemeanor. ORS 163.160. On appeal, she challenges a supplemental judgment of restitution entered 104 days after her judgment of conviction.[1] Defendant contends that the court erred in imposing restitution because (1) the supplemental judgment was entered after the 90-day period allowed under ORS 137.106(1)(b), and the court did not find good cause for extending that time, and (2) the record lacks evidence to support the amount of restitution imposed. The state concedes that the trial court erred in its imposition of restitution; we agree and accept that concession. Thus, the only issue on appeal is the proper disposition of the case. Defendant urges us to reverse the supplemental judgment outright;[2] the state, on the other hand, argues that the proper remedy is to "vacate the supplemental judgment and remand for a hearing for the trial court to determine whether good cause existed to extend the restitution determination and, if so, the amount of economic damages." We agree with the state.

The relevant facts are few and undisputed. On April 2, 2010, defendant was convicted, after a bench trial, of fourth-degree assault constituting domestic violence. Sentencing took place immediately after trial. At sentencing, the prosecutor asked the court to impose $299 in restitution for damage to the victim's property (a model car and camera). Defendant asked for documentation. The

---

[1] Although defendant also appealed her judgment of conviction, she does not raise any assignment of error pertaining to it; accordingly, we affirm that judgment.

[2] Defendant uses the term "vacate"; however, that disposition generally indicates that the court is free to impose the same ruling on remand, a result defendant opposes here. *See* Bryan A. Garner, *A Dictionary of Modern Legal Usage* 632 (2d ed 1995) ("Vacate" is "used to denote an appellate court's wiping clean the judgment slate. The effect is to nullify the previous decision, usually of a lower court, but not necessarily to dictate a contrary result in further proceedings."). Although, admittedly, our cases are not entirely consistent on this point, *compare State v. Biscotti*, 219 Or App 296, 182 P3d 269 (2008) (vacating supplemental judgment of restitution where court erred in determining that there was good cause to extend the time for determining restitution), *with State v. Murrell*, 242 Or App 178, 255 P3d 574 (2011) (reversing award of restitution under similar circumstances), "reverse" is the more appropriate terminology where, as here, a party seeks to overturn the judgment outright.

trial court responded that it would "set a restitution hearing in 90 days" to resolve the matter if the parties were unable to come to agreement in the meantime. The court then set the restitution hearing for July 1, 2010.

The court entered the judgment of conviction and sentence on April 14, 2010. Then, although the restitution hearing scheduled for July 1 never occurred,[3] on July 27, 2010, the trial court nonetheless entered a supplemental judgment imposing restitution in the amount of $358.95. This appeal followed.

We review sentencing decisions, including restitution awards, for legal error. *State v. Noble*, 231 Or App 185, 189, 217 P3d 1130 (2009); *State v. Ferrara*, 218 Or App 57, 67-68, 178 P3d 250, *rev den*, 344 Or 539 (2008). ORS 137.106 provides, as relevant:

> "(1)   When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

> "* * * * *

> "(b)   A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. The court may extend the time within which the determination and supplemental judgment may be completed for good cause. * * *"

In this case, the trial court determined the amount of restitution, without a hearing or evidence as to the amount

---

[3] The only indication in the record as to why the restitution hearing did not take place as scheduled is the notation, "CANCELLED PER DA PHONE CALL," that appears in the trial court's OJIN register.

of damages, and entered a supplemental judgment imposing that obligation 104 days after entry of the original judgment.[4] Thus, as the state concedes, and we agree, the trial court erred.[5]

Consequently, as noted, the only question presented by this appeal concerns the proper disposition of the case. The state contends that remand is appropriate "to determine whether the trial court has authority to impose restitution in a supplemental judgment and, if so, the proper amount." In particular, the state asserts:

> "At the hearing, the state can make a record to establish that 'good cause' existed to impose restitution outside the 90-day window. For example, the state can make a record whether it provided defendant with the restitution documentation, and defendant manifested her agreement or acquiescence in the state's proposed amount, or whether the state provided defendant with notice of the proposed supplemental judgment, and defendant failed to object. At the hearing, the state can also make a record that establishes the proper amount of restitution—either by establishing the precise amount of economic damages or by establishing that defendant expressly or implicitly agreed to the state's proposed amount."

The state initially relies primarily on *State v. Tippetts*, 239 Or App 429, 433, 244 P3d 891 (2010), as support for its position.

---

[4] We also observe that, contrary to the recitals in the supplemental judgment prepared by the district attorney's office, the original judgment did *not* include "[a] requirement that the defendant pay the victim restitution," the specific amount to be established by supplemental judgment, as required by ORS 137.106(1)(b). Although the money award in the original judgment contained a line item for restitution, that item was left blank, as was a "check the box" option indicating that the amount was "to be determined." Defendant does not raise any issue with respect to that deficiency, and, given that our disposition of this appeal requires a remand, we leave it to the trial court to consider on remand the consequences of that omission.

[5] As the state also acknowledges, preservation principles are inapposite in this circumstance, because nothing in the record indicates that defendant had notice of, or a prior opportunity to object to, the trial court's restitution ruling before the court entered the supplemental judgment. *See State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999) ("A party cannot be required to raise an objection contemporaneously with a trial court's ruling or other action when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted.").

In *Tippetts*, the state conceded that the trial court had plainly erred in imposing restitution in the absence of evidence that the victims had suffered economic damages, and, as in the present case, the only dispute was over the appropriate disposition. The state urged us to remand for resentencing, at which time the state could present its evidence. The defendant argued against a remand, "so that the state does not have a second opportunity to present evidence of economic damages." *Id.* at 431. We agreed with the state, concluding that the defendant's position was "inconsistent with a long line of restitution cases," beginning with *State v. Edson*, 329 Or 127, 985 P2d 1253 (1999), in which the Supreme Court interpreted ORS 138.222(5)[6] to require remand of the entire case for resentencing "so long as there 'remain options that the trial court permissibly could adopt on resentencing.'" *Tippetts*, 239 Or App at 432 (quoting *Edson*, 329 Or at 139). In arriving at that conclusion, we distinguished *State v. Canady / Calhoun*, 225 Or App 299, 201 P3d 225 (2009), and *State v. Biscotti*, 219 Or App 296, 182 P3d 269 (2008)—restitution cases in which we did *not* remand for resentencing—because, in each of those cases, we held, as a matter of law, that good cause did not exist to extend the time to determine restitution under ORS 137.106(1)(b), and the trial court had erred in concluding otherwise.[7] Therefore, in those cases, "there was nothing to resentence: the sentencing court no longer had statutory authority to impose restitution and so, in the words of *Edson*, there were no 'options that the trial court

---

[6] At the time *Edson* was decided, the relevant portion of ORS 138.222(5) (1997) provided:

"If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

The identical text now appears in the third and fourth sentences of ORS 138.222(5)(a); paragraph (b) of subsection (5) was added in 2005. *See* Or Laws 2005, ch 563, § 1.

[7] We further noted that, in *Tippetts*, unlike in *Canady / Calhoun* and *Biscotti*, the claim of error was unpreserved; thus, the state had been deprived of the opportunity to present additional evidence of damages at the time. *Tippetts*, 239 Or App at 434 n 3 ("Defendant should not *benefit* from his failure to object in the trial court[.]" (Emphasis in original.)).

permissibly could adopt on resentencing[.]'" *Tippetts*, 239 Or App at 433 (brackets in *Tippetts*).[8]

Here, the state points out that "the trial court did not hold a restitution hearing, and whether that court has authority to impose restitution depends on facts that appear outside the record"; thus, as in *Tippetts*, we should remand for the court to make that determination. In other words, as we understand the state's argument, the court may or may not have had the authority to impose the restitution award that it did, depending on whether the salient facts—which are unknown given the court's failure to hold a hearing—support a conclusion that there was good cause to extend the time to determine restitution.

The state's reliance on *Tippetts*, however, is misplaced. That line of cases, beginning with *Edson*, provides little guidance in this context because the statute on which those cases are predicated—ORS 138.222—applies only in felony sentencing. *See State v. Cloutier*, 351 Or 68, 91, 251 P3d 1234 (2011) (confirming that, since the enactment of the sentencing guidelines in 1989, ORS 138.222 governs appeal and review of sentences imposed for felonies; ORS 138.040 and ORS 138.050 govern with respect to misdemeanor sentences); *Edson*, 329 Or at 136 (scope of appellate review and the appellate court's disposition options following judgment of conviction on a felony committed in 1994 governed by ORS 138.222). In *Edson*, the Supreme Court explained that

> "[t]he scope of an appellate court's review and the range of options available to that court when it concludes that

---

[8] Our ultimate resolution in *State v. McLaughlin*, 243 Or App 214, 258 P3d 1241 (*McLaughlin I*), *disposition modified on recons*, 244 Or App 691, 260 P3d 814 (2011) (*McLaughlin II*), *opinion withdrawn and original disposition adh'd to on recons*, 247 Or App 334, 269 P3d 104 (2011) (*McLaughlin III*), *rev allowed*, 352 Or 107 (2012), is consistent with that reasoning. In *McLaughlin I*, we held that the trial court erred in setting a restitution hearing and imposing restitution in the absence of the predicate showing required under ORS 137.106(1). 243 Or App at 220-21. Ultimately, however, we remanded the judgment rather than reversing it outright because, although restitution was no longer an option in the case, the court had expressed a desire to have the defendant compensate the victim, and the court could still impose a compensatory fine that would be paid to the victim; thus, under ORS 138.222(5)(a), remand for resentencing was required. *McLaughlin III*, 247 Or App at 337.

the trial court erred are dictated by applicable statutes and generally are dependent on the type of trial court decision under consideration."

329 Or at 136.

Here, defendant was convicted of a misdemeanor after a trial. Thus, ORS 138.040,[9] rather than ORS 138.222, governs. That statute provides, in part:

"(1) The appellate court may review:

"* * * * *

"(b) Any disposition described under ORS 138.053[10] as to whether it:

"(A) Exceeds the maximum allowable by law; or

"(B) Is unconstitutionally cruel and unusual.

"(2) If the appellate court determines the disposition imposed exceeds the maximum allowable by law or is unconstitutionally cruel and unusual, *the appellate court shall direct the court from which the appeal is taken to impose the disposition that should be imposed.*"

(Emphasis added.)

The state contends that subsection (2) "provides additional support for the state's argument about the appropriate disposition" in this case.[11] However, the state

---

[9] ORS 138.050 pertains to appeal and review of sentences for misdemeanor offenses following a plea of guilty or no contest and, thus, has no applicability here.

[10] ORS 138.053, in turn, provides, as relevant:

"(1) A judgment * * * is subject to the appeal provisions and limitations on review under ORS 138.040 * * * if the disposition includes any of the following:

"(a) Imposition of a sentence on conviction."

Restitution is part of the sentence on conviction.

[11] There is no dispute that an error in imposing restitution is a disposition that "exceeds the maximum allowable by law." This court has held, in construing the identical text in ORS 138.050(1), that "'a disposition exceeds the maximum allowed by law if it is not imposed consistently with statutory requirements.'" *State v. Easton*, 204 Or App 1, 3, 126 P3d 1256, *rev den*, 340 Or 673 (2006) (quoting *State v. Stubbs*, 193 Or App 595, 606, 91 P3d 774 (2004)); *State v. Sumerlin*, 139 Or App 579, 582, 913 P2d 340 (1996) (same). *See also State v. Anderson*, 113 Or App 416, 420, 833 P2d 321 (1992) (restitution order exceeded the maximum allowable by law under ORS 138.050(1) where the state failed to present evidence to establish the appropriate amount of restitution or hold a hearing as required by ORS 137.106 (1991)). *Cf. Schantz v. Maass*, 114 Or App 167, 169, 834 P2d 508 (1992) (because

does not explain how that is so, and we do not understand the text emphasized above to require, or even suggest, the result advanced by the state. Instead, the statute simply does not address the question implicated here. In other words, "the disposition that should be imposed" in this case could be (1) as the state suggests, an award of restitution, in an amount determined by the trial court after a hearing on the evidence, if the trial court determines on remand that there was good cause to extend the statutory 90-day period to determine restitution; or (2), as defendant suggests, no award of restitution.

We turn to the underlying statute and the nature of the trial court's decision. As we have previously emphasized, "there is nothing 'hortatory'" about ORS 137.106(1)(b); rather, "[i]t plainly establishes a 90-day deadline for the issuance of a supplemental judgment ordering restitution." *Biscotti*, 219 Or App at 300, 300-01. In *Biscotti*, we noted that it was "obvious" from the 2003 amendments to the statute—which enacted the 90-day deadline to replace the previous wording that simply required the court to order "prompt payment of restitution whenever possible," ORS 137.106(4) (2001)—"that the legislature wanted to ensure more timely restitution for crime victims[.]" *Id.* at 303. Thus, timeliness is a significant consideration in the trial court's determination of restitution. Allowing the court—at this late stage, that is, long after the 90-day period has expired—to reopen the record and determine whether, at the time that it made its restitution award, good cause existed to extend the 90-day deadline, would undermine that goal.

On the other hand, necessarily inherent in the notion of "prompt" restitution for crime victims is the legislature's desire that victims ultimately be awarded the restitution to which they are entitled. That intent is plainly evident from the text of the statute. Under ORS 137.106(1), if the court finds that a victim suffered economic damages, the court *must* order the defendant to pay the victim restitution in an amount that "equals the full amount of the victim's

restitution award is reviewable on direct appeal under ORS 138.040 and ORS 138.053, petitioner's failure to appeal his conviction bars post-conviction relief).

economic damages as determined by the court," unless the victim consents otherwise. That is the case whether restitution is ordered at the time of sentencing, ORS 137.106(1)(a), or established by a supplemental judgment within 90 days of the entry of the judgment of conviction, ORS 137.106(1)(b). Reversing the supplemental judgment of restitution outright, without an opportunity for the trial court to determine whether, at the time that the court made that determination, good cause existed to extend the 90-day period, would frustrate that clear legislative goal.

In *State v. Landreth*, 246 Or App 376, 265 P3d 89 (2011), the trial court held a restitution hearing 98 days after entry of the defendant's judgment of conviction, and, upon the defendant's objection, concluded that good cause had been shown to extend the 90-day deadline to determine restitution. On appeal, the defendant suggested that the trial court lacked "authority to even consider the matter of restitution after the ninetieth day beyond the date of the judgment because the court had not, at that point, made a determination of 'good cause' to permit the issue to be decided after 90 days." *Id.* at 379. We disagreed, holding that nothing in the text or context of ORS 137.106(1) precluded the trial court from making the good-cause determination after the fact—that is, after the expiration of the 90-day period. *Id.* at 380.[12] Thus, *Landreth*, although in a different procedural posture from this case, suggests that ORS 137.106(1) does not preclude us from directing the trial court to *now* decide whether there was good cause to extend the 90-day period and, if there was, to determine whether an award of restitution was proper.

Defendant does not point to any legal principle—statutory, constitutional, or otherwise—that might compel a contrary conclusion, and we are not aware of any. Defendant cites *State v. Johnson*, 242 Or App 279, 255 P3d 547, *rev den*, 350 Or 530 (2011), but that case is unavailing. In *Johnson*, the court entered an amended judgment purporting to modify an erroneous term in an earlier judgment by providing that

---

[12] We also concluded that the court did not err in finding good cause to extend the time, and, accordingly, affirmed the imposition of restitution. *Id.* at 381-82.

the sentence in the case was to be served consecutively to one previously imposed. We held that the court lacked authority to do that, either under ORS 138.083,[13] because the judgment did not contain any "erroneous term," or under the court's "inherent" authority. 242 Or App at 285-86. Consequently, we reversed the amended judgment and remanded with instructions to reinstate the original judgment. Defendant argues that *Johnson* stands for the proposition that, "[i]f a trial court modifies a sentence without authority, the modification is void and the proper remedy is for this court simply to reverse the judgment containing the modification." Here, however, we cannot say that the trial court lacked authority to modify the sentence. That is, if there was good cause for the trial court to extend the 90-day deadline to establish restitution (and the court thereafter found, from evidence presented by the state, that the victim suffered economic damages), then the court acted within its authority in entering the supplemental judgment; if there was not, then the court lacked the necessary authority to do so. The problem is that, because the trial court did not hold a hearing to determine the good-cause question, the issue of the court's authority was never decided. *Cf. Biscotti*, 219 Or App at 304 (concluding that the trial court lacked good cause to extend the deadline as a matter of law). Thus, *Johnson* does not assist defendant.

We conclude that the appropriate disposition in this case is to vacate the supplemental judgment and remand for the trial court to determine (1) whether the failure to include a requirement of restitution in the original judgment precludes the court from now awarding restitution, *see* 253 Or App at 613 n 4; (2) if not, whether, at the time the court entered the supplemental judgment, there was good cause to extend the restitution determination; and (3) if so, the amount of the victim's economic damages, if any.

Supplemental judgment vacated and remanded; otherwise affirmed.

---

[13] ORS 138.083(1)(a) authorizes the sentencing court, irrespective of any notice of appeal after entry of a judgment of conviction, to modify the judgment and sentence "to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment."