Submitted January 22, judgment awarding restitution vacated; remanded for resentencing; otherwise affirmed March 5, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERASMO EMILIO LOPEZ, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
11C45098; A150272

323 P3d 511

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

Following a guilty plea, defendant was convicted of attempted murder, ORS 163.115, ORS 161.405; two counts of first-degree robbery, ORS 164.415; two counts of second-degree assault, ORS 163.175; two counts of unlawful use of a firearm, ORS 166.220, ORS 161.610; and two counts of menacing, ORS 163.190. The court sentenced defendant to 90 months of imprisonment followed by 36 months of post-prison supervision on the attempted murder and robbery convictions. The court ordered that two of the 90-month sentences along with 60 months of the third 90-month sentence run consecutively. It also imposed 70 months of imprisonment with 36 months of post-prison supervision on the assault convictions, 60-month "gun-minimum" sentences on the unlawful-use-of-a-weapon convictions, and 180 days of jail on the menacing convictions. Those sentences were imposed concurrently with each other and with the sentences on the attempted murder and robbery convictions. In addition, in an amended judgment, the court imposed restitution in the amount of $10,966.27. Defendant raises two assignments of error on appeal.

In his first assignment of error, defendant asserts that the court erred in entering a judgment imposing restitution more than 90 days after sentencing and without giving him an opportunity to be heard. *See* ORS 137.106(1)(b) (2011)[1] (the court must determine restitution within 90 days of original judgment and enter a supplemental judgment establishing a "specific amount of restitution that equals the full amount of the victim's economic damages," but the court may "extend the time within which the determination and supplemental judgment may be completed for good cause"); ORS 137.106(5) ("If a defendant objects to the imposition, amount or distribution of the restitution, the court shall allow the defendant to be heard on such issue ***.").

With respect to defendant's first assignment of error, the state concedes that "the trial court erred by imposing

---

[1] ORS 137.106 was amended in 2013. Or Laws 2013, ch 388, § 1. However, those amendments apply only to sentencing that occurs on or after June 13, 2013. Or Laws 2013, ch 388, §§ 2, 3. Accordingly, references herein are to the 2011 version of the statute, which was in effect at the time of the sentencing in this case.

restitution without holding a hearing or making a record that established 'good cause' to extend the restitution determination beyond 90 days of entry of the original judgment." We agree and accept the state's concession.[2] *See State v. Beckham*, 253 Or App 609, 612-13, 292 P3d 611 (2012) (trial court erred in imposing restitution, without a hearing or evidence as to the amount of damages, more than 90 days after entry of the original judgment). The state asserts that the case must be remanded for resentencing pursuant to ORS 138.222(5), which provides that, if "the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing." According to the state, at the hearing on remand,

> "the state will have an opportunity to make a record to establish that 'good cause' existed at the time of the amended judgment to impose restitution outside the 90-day window. For example, the state could make a record of any correspondence between the parties that exists that would demonstrate whether defendant was responsible for, agreed to, or acquiesced in, the delay, the proposed amount of restitution, or the entry of the amended judgment."

Furthermore, according to the state, the court could alter the "sentencing package" on remand by, for example, imposing a compensatory fine or other sanction. We agree with the state that a remand for resentencing is appropriate under the circumstances of this case. *See Beckham*, 253 Or App at 619 (remanding in a misdemeanor case for the trial court to determine whether restitution could permissibly be awarded); *State v. McLaughlin*, 247 Or App 334, 337-38, 269 P3d 104 (2011), *rev dismissed*, 354 Or 491 (2013) (error in imposing restitution required resentencing where the trial court could impose a compensatory fine); *State v. Tippetts*, 239 Or App 429, 432, 244 P3d 891 (2010) (where there is

---

[2] The state also acknowledges that general preservation requirements are inapposite here because the trial court "imposed restitution in an amended judgment" and there is no indication in the record that "defendant had prior notice or the opportunity to object." *See State v. DeCamp*, 158 Or App 238, 241, 973 P2d 922 (1999) (a party is not required to raise a contemporaneous objection "when the party was not on notice of the trial court's intended action and had no opportunity to be present when the trial court acted").

an error in imposing restitution, ORS 138.222(5) requires remand for resentencing "so long as there remain options that the trial court could permissibly adopt on resentencing" (internal quotation marks omitted)).

In his second assignment of error, defendant contends that the trial court erred in imposing multiple gun-minimum sentences with respect to the unlawful-use-of-a-weapon convictions. Although defendant acknowledges that he failed to preserve that issue before the trial court, he asserts that we should review it as error apparent on the record. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record."); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (court has discretion to review unpreserved error apparent on the face of the record); *State v. Saechao*, 256 Or App 369, 371, 300 P3d 287 (2013) (imposition of multiple gun minimum sentences is plain error). As discussed, this case must be remanded for resentencing. Accordingly, defendant will have the opportunity to raise this issue before the trial court on remand; therefore, we need not exercise our discretion to review the plain error.

Judgment awarding restitution vacated; remanded for resentencing; otherwise affirmed.