Submitted September 23, remanded for resentencing; otherwise affirmed
October 22, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CYNTHIA GUDINO-FLORES,
*Defendant-Appellant.*

Marion County Circuit Court
12C43498; A153244

337 P3d 985

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Paul L. Smith, Attorney-in-Charge, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

**PER CURIAM**

Defendant, who was convicted of first-degree burglary and second-degree assault, asserts on appeal that the trial court erred when it ordered her to pay $2,441.64 in restitution. Citing *State v. McLaughlin*, 243 Or App 214, 258 P3d 1241, *adh'd to on recons*, 247 Or App 334, 269 P3d 104 (2011), *rev dismissed*, 354 Or 491 (2013), defendant asserts that the trial court was without authority to order restitution in this case because the state failed to present any evidence of the amount of damages until after defendant was sentenced. In *McLaughlin*, we held that, for a court to order restitution, the state must present evidence of the nature and amount of damages prior to the time of sentencing. 243 Or App at 219. The state agrees that, "[u]nder this court's decision in *McLaughlin*, the trial court erred in imposing restitution" in this case. We agree and accept the state's concession.

Furthermore, we agree with the state that it is appropriate to remand this case for resentencing pursuant to ORS 138.222(5)(a).[1] As we explained in our opinion on reconsideration in *McLaughlin*, under circumstances like those in this case, where the court erred in imposing restitution but could have imposed a compensatory fine, "ORS 138.222(5)(a) requires that we remand for resentencing." 247 Or App at 337.

Remanded for resentencing; otherwise affirmed.

---

[1] Under ORS 138.222(5)(a), where "the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing."