Submitted October 31, supplemental judgment vacated and remanded; otherwise affirmed December 3, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RACHEL LASHUN SNEED-KIMMONS,
aka Rachel Lashun Sneedkimmons,
*Defendant-Appellant.*

Multnomah County Circuit Court
120230772; A154265

340 P3d 752

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant pleaded "no contest" to one count of fourth-degree assault after striking the victim in the face. As part of the plea negotiations, defendant agreed to allow the state additional time to present the court with evidence of the nature and amount of any claimed restitution, and the state asked for "90 days to get that sorted out." *See* ORS 137.106(1)(b) (2011), *amended by* Or Laws 2013, ch 388, § 1 (stating that restitution will be "based upon a determination made by the court within 90 days of entry of the judgment" unless the court "extend[s] the time within which the determination and supplemental judgment may be completed for good cause"). The court eventually imposed restitution after that 90-day period expired, over defendant's objection that the determination was untimely.

On appeal, defendant argues that the trial court failed to make the necessary "good cause" determination under ORS 137.106(1)(b) (2011) before imposing restitution more than 90 days after entry of judgment. We agree with defendant's argument, vacate the supplemental judgment, and remand for the trial court to consider whether, at the time the court entered the supplemental judgment, there was good cause to extend the restitution determination. *See, e.g., State v. Beckham*, 253 Or App 609, 292 P3d 611 (2012).[1]

Supplemental judgment vacated and remanded; otherwise affirmed.

---

[1] In a separate assignment of error, defendant argues that the restitution award amounted to a windfall for the victim. Because we vacate and remand the restitution award, we do not address that argument.