Argued and submitted June 30, award of restitution reversed, remanded for resentencing, otherwise affirmed December 2, 2015, petition for review denied March 3, 2016 (358 Or 794)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LATOYIA M. KING,
*Defendant-Appellant.*

Marion County Circuit Court
13C41906; A155697

364 P3d 17

Sarah Laidlaw, Deputy Public Defender, argued the cause for appellant. On the opening brief were Peter Gartlan, Chief Defender, and Alice S. Newlin, Deputy Public Defender, Office of Public Defense Services. With her on the reply brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

**DEVORE, J.**

In this criminal case, defendant challenges the trial court's restitution award under ORS 137.106(1)(b) (2012).[1] She contends that the trial court erred in awarding restitution in an amended judgment after entry of the original judgment because the court did not determine that there was "good cause" to exceed the 90-day period for determining the amount of restitution, and, alternatively, because the record is insufficient to support a "good cause" ruling. The state concedes that the trial court erred in its imposition of restitution because it issued an amended judgment more than 90 days after the original judgment was entered.

The only issue on appeal is the proper disposition of the case. Defendant urges us to reverse the amended judgment imposing restitution.[2] The state urges us to vacate the amended judgment for restitution and remand for resentencing. The state contends that, even if the trial

---

[1] At the time of the hearing, ORS 137.106 provided, in part:

"(1) When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

"* * * * *

"(b) A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment *based upon a determination made by the court within 90 days of entry of the judgment.* In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. *The court may extend the time within which the determination and supplemental judgment may be completed for good cause. * * *.*"

(Emphases added.) ORS 137.106 (2012) was amended in 2013, eliminating the 90-day time limit and good cause exception. Or Laws 2013, ch 388, § 1. However, those amendments only apply to sentencing that occurred on or after June 13, 2013. Or Laws 2013, ch 388, §§ 2, 3. The statute was amended again in 2015, effective as of January 1, 2016. Or Laws 2015, ch 9, § 2. Throughout the opinion, our reference to ORS 137.106 refers to the statute as it was in effect at the time of defendant's sentencing hearing in May 2013.

[2] Defendant uses the term "vacate." As this court has observed, "that disposition generally indicates that the court is free to impose the same ruling on remand, a result defendant opposes here." *State v. Beckham*, 253 Or App 609, 611 n 2, 292 P3d 611 (2012). Accordingly, "'reverse' is the more appropriate terminology where * * * a party seeks to overturn the judgment outright." *Id.*

court lacked authority to impose restitution on remand, the court could still impose a different "sentence package," so a remand for resentencing would be more appropriate. We review sentencing decisions, including restitution orders, for legal error. *State v. Beckham*, 253 Or App 609, 612, 292 P3d 611 (2012). We reverse the trial court's amended judgment and remand for resentencing.

The few relevant facts are undisputed and primarily procedural. On March 31, 2013, defendant was arrested and charged with a number of criminal offenses. Among other things, defendant had poured gasoline throughout her boyfriend's residence and threatened to light it on fire. On May 28, 2013, defendant pleaded guilty to three felony offenses—fourth-degree assault, attempted first-degree arson, and first-degree criminal mischief.[3] That day, the court entered a judgment sentencing defendant to serve 14 months in prison for fourth-degree assault, 40 months in prison for attempted arson to run concurrently, and 17 months in prison for first-degree criminal mischief to run consecutively. The court also imposed post-prison supervision and included a $200 fine for each offense. *See* ORS 137.286(2) (providing that "the minimum fine for a felony is $200").

On October 9, 2013, the trial court held a restitution hearing. The owner of the boyfriend's home testified that the home had required a number of repairs as a result of the spilled gasoline, that she had made an insurance claim for the repairs, and that she had paid the uninsured $1,000 deductible portion of the loss. The court admitted as evidence a report detailing the cost of repairs prepared by the homeowner's insurance company. The state did not call a witness from the insurance company.

Defendant contended that it was "too late for the state to request the restitution," that the trial court would be required to make a good cause determination to permit

---

[3] Defendant's conviction for fourth-degree assault represented a felony offense in this case because defendant had a previous conviction for assaulting the same victim. ORS 163.160(3)(a) (fourth-degree assault is a Class C felony if the person commits the offense of fourth-degree assault and the person has previously been convicted of assaulting the same victim).

the imposition of restitution after 90 days of the original judgment under ORS 137.106(1), and that "there was no good cause in this case." She emphasized that the state had not provided the court with any argument as to "what the good cause would be."

The state conceded that the statutory period had passed but argued that "it's up to the court's discretion as to whether or not to allow an extension." The state explained that "there was some difficulty getting a hold of the insurance company to finally get this report," and suggested that the trial court consider "whether or not the defendant is prejudiced" by the delay in an award for restitution.

Agreeing that it should consider the issue as a matter of prejudice to defendant, the court ruled that it would award restitution. The court declared that a belated award did not "rise to the level of a constitutional violation" and was not "prejudicial to the defendant." The court did not address defendant's argument that a finding of "good cause" was needed. The court amended the judgment by adding a restitution award totaling $7,953.86.[4]

On appeal, defendant contends, and the state concedes, that, under ORS 137.106, the trial court was required to issue a supplemental judgment ordering defendant to pay restitution within 90 days of the entry of the original judgment, unless good cause existed to extend the trial court's restitution determination and completion of the supplemental judgment. ORS 137.106(1)(b). The state also concedes that, "if the court implicitly found that 'good cause' existed to do so, the court did not make a record to permit appellate review of that conclusion." We agree and accept the state's concession. *See, e.g., Beckham,* 253 Or App at 612-13 (accepting the state's concession that the trial court erred in entering a supplemental judgment for restitution after 90 days of the original judgment).

As noted, the parties disagree what the proper disposition of the case should be. Defendant asserts that the proper disposition in this case is simply to reverse the

---

[4] Of the total award, $1,000 was to be paid to the homeowner and the remaining $6,953.86 was to be paid to the insurance company.

imposition of restitution. The state asserts that the proper disposition is to "affirm defendant's conviction, vacate the judgment, and remand the entire case for resentencing." The state makes two arguments in support of its position. First, the state argues that the trial court "may have authority to impose restitution," by determining later that good cause existed at the time of the amended judgment to impose restitution outside of the 90-day period. Second, even if the trial court did not have authority to impose restitution because no good cause existed, the state argues that a proper disposition is a remand for resentencing because "other lawful sentencing options are available." We consider each of those arguments in turn.

First, we disagree with the state that the trial court may be able to impose restitution under ORS 137.106 on remand by determining that there was good cause to extend the 90-day period. The state relies on our opinion in *State v. Lopez*, 261 Or App 514, 323 P3d 511 (2014). In that case, the defendant was convicted, following a guilty plea, of a number of criminal offenses. Without holding a hearing, the trial court issued an amended judgment imposing a restitution award, more than 90 days after the entry of the original sentencing judgment. On appeal, the defendant argued that the court erred in entering the judgment for restitution more than 90 days after sentencing "without giving him an opportunity to be heard." *Id.* at 516. The state conceded that the trial court had erred. The state argued, however, that the proper disposition was a remand for resentencing because, on remand, the state would have "'an opportunity to make a record to establish that "good cause" existed at the time of the amended judgment to impose restitution outside the 90-day window.'" *Id.* at 517. We concluded that the proper disposition was to remand the case for resentencing.[5]

Here, in contrast to *Lopez*, the trial court held a restitution hearing and provided both parties with the opportunity to be heard. Defense counsel argued that ORS

---

[5] In so concluding, this court also relied, in part, on the state's second argument that a remand for resentencing was proper because the trial court "could alter the 'sentencing package' on remand, by for example, imposing a compensatory fine or other sanction." *Id.* We address that argument separately below.

137.106(1)(b) required the court to make a good cause determination for exceeding the 90-day period and that the state had not provided any evidence in support of that determination. The state responded that it had had difficulty getting the report detailing the cost of repairs from the insurance company, but the difficulty was not explained. The state did not offer any evidence supporting the position it now takes on appeal—that is, that good cause may have existed to extend the trial court's restitution determination beyond the 90-day period. Consequently, the record made at the restitution hearing does not contain any evidence to support a good cause determination under ORS 137.106(1)(b).[6]

As we have observed, "timeliness is a significant consideration in the trial court's determination of restitution." *Beckham*, 253 Or App at 617. Permitting the trial court, "at this late stage, * * * to reopen the record and determine whether, at the time that it made its restitution award, good cause existed to extend the 90-day deadline, would undermine that goal." *Id.* We did not conclude in *Lopez* that the state is entitled to a remand for a *second* restitution hearing for an opportunity to establish good cause. Therefore, the state is not entitled to a remand for resentencing for that purpose in this case.

We turn to the state's argument that a proper disposition still requires a remand for resentencing because "other lawful sentencing options are available." Among other things, the state asserts, the trial court could alter the "sentencing package" by imposing a compensatory fine or an ordinary fine. ORS 137.101 (compensatory fine); ORS 161.625 (fines for felony offenses). The state relies on ORS 138.222(5)(a), stating, in the context of felony sentencing, that if "the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing."

We have explained that remand for resentencing is required under ORS 138.222(5)(a) where restitution is

---

[6] We do not imply that, if the court had relied on evidence of delay in receipt of damage information, the court could not have found good cause. The delay was not explained here, and the court did not rely on it.

no longer an option in the case, where the trial court has expressed a desire to have the defendant compensate the victim, and where the court could impose a compensatory fine that would be paid to the victim. *State v. McLaughlin*, 247 Or App 334, 337, 269 P3d 104 (2011), *rev dismissed*, 352 Or 107 (2012); *see also State v. Gudino-Flores*, 266 Or App 544, 545, 337 P3d 985 (2014) ("where the court erred in imposing restitution but could have imposed a compensatory fine, ORS 138.222(5)(a) requires that we remand for resentencing") (internal quotation marks omitted); *Lopez*, 261 Or App at 517-18 (remanding for resentencing, in part, because the trial court could impose a compensatory fine). In such circumstances, we have permitted the trial court to reconsider a defendant's sentence despite the unavailability of restitution.

In reviewing the record, we are persuaded that the circumstances of this case require us to remand to the trial court for resentencing. As we have observed, a "compensatory fine would be similar to restitution because the court can order the clerk of the court to pay over a compensatory fine or some portion of it to a victim." *McLaughlin*, 247 Or App at 337. Although the trial court erred in awarding restitution, in light of the possible alternatives, and ORS 138.222(5)(a), we must permit the court to reconsider defendant's sentence. *Id. But see State v. Williams*, 148 Or App 93, 96, 939 P2d 93 (1997) (declining to remand for resentencing where we could not "discern any sentencing plan or scheme under which the trial court would have imposed a fine" under the circumstances).

Award of restitution reversed; remanded for resentencing; otherwise affirmed.